## Stanley W. Bartlett v. Richard Menard

[ 227 A.2d 300 ]

December Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 7, 1967

*Bloomer & Bloomer* for plaintiff.

*Earle J. Bishop* and *Stanley L. Chamberlin* for defendant.

**Barney, J.** In charging the jury, the trial judge made mention of the only dollar difference given in the testimony as the "before and after" value of the damaged vehicle concerned in the lawsuit. The defendant raises, as his one question in this negligence action, the point that this reference amounted to the direction of a verdict for that sum, especially since the actual verdict was in that very amount.

An examination of the full charge shows that the trial court also instructed the jury that it could properly refer to the evidence, relating to the repairs actually made and the repair bills, to resolve the issue of the "before and after" value of the car. That this is the proper measure of damages to the automobile in this kind of case is not questioned here. *Collins* v. *Fogg,* 110 Vt. 465, 468-9, A.2d 684.

Furthermore, the court instructed the jury to determine the extent of the defendant's responsibility, on account of his negligence, for the damage reflected by the repair bills. The jury also had an instruction about an award in lieu of interest. Taking the charge as a whole, as we must, *Gibson* v. *Mackin Const. Co.,* 123 Vt. 287, 291, 187 A.2d 337, the trial court's instructions here did not amount to the direction of a verdict, or a withdrawal of the damage issue from the consideration of the jury.

The plaintiff, on his part, saved the question of compensation for loss of use of the vehicle, which was not submitted to the jury by the court below. In this connection, the plaintiff expressed his satisfaction with the present verdict, and, in effect, waived this issue unless there was to be a reversal. In the light of this concession, we are not required to deal further with this claim of error.

*Judgment affirmed.*