### Arthur Wells v. Village of Orleans, Inc.

[315 A.2d 463]

No. 98-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 5, 1974

*Downs, Rachlin & Martin,* St. Johnsbury, for Plaintiff.

*May & Davies,* Barton, for Defendant.

**Keyser, J.** The plaintiff, while employed as an independent contractor by the defendant on December 30, 1968, to plow and remove snow from its streets, had his tractor equipment destroyed. The right rear wheel of the tractor dropped into a catch basin while working near the tracks of the Canadian Pacific Railway tracks. Shortly, a train ran down the tractor before it could be extricated causing it to be completely destroyed.

Plaintiff brought an action in negligence to recover for the loss of his equipment. The defendant pleaded the general issue, governmental immunity, and affirmative defenses of assumption of the risk and contributory negligence. (This case arose before the effective date of 12 V.S.A. § 1036, the comparative negligence statute.) Trial was by court on February 28, 1973. On the findings made by the court judgment was entered for the plaintiff to recover the sum of $13,650. Defendant village appealed.

The following facts, unexcepted to, were found by the trial court. The plaintiff, since 1947, had been hired by the defendant as an independent contractor to plow and remove snow on defendant's streets with his own equipment. In doing

this work on December 20, 1968, plaintiff was working under the direction of Allen Clark, a village trustee who also acted as general supervisor of defendant's affairs. For the first time, plaintiff was directed by Clark to remove snow along the railroad tracks at a crossing between two streets. After removing snow near the street dummy, plaintiff backed his tractor along the tracks as directed and signaled to do by the supervisor. In so doing, the right rear wheel of the tractor dropped into a catch basin causing the underframe of the tractor to become stuck on the railroad tracks. There was no flagman present or provided by the defendant. Neither the defendant's supervisor nor any of its employees contacted the railroad with regard to going on the tracks or providing a flagman as required by the railroad's rules. Complete destruction of the tractor followed when hit by the oncoming train. The court concluded—"[T]hat the defendant through its duly authorized agent was negligent in the manner in which said agent ordered the removal of the snow in the area here involved."

The issues raised by appellant are stated as follows:

1. Did the County Court err in failing to find on the issues of assumption of the risk and contributory negligence?

2. Did the court erroneously conclude in Conclusion of Law 6 the plaintiff should recover of the defendant $13,650.00 damages?

3. Is the judgment dated April 26, 1973, in favor of plaintiff to recover of defendant $13,650.00 damages and costs, erroneous and prejudicial to defendant, so that it should be reversed?

At the outset, appellee Wells contends that appellant's appeal from the judgment raises only the question of the sufficiency of the findings to support the judgment, citing *Dumont* v. *Knapp*, 131 Vt. 342, 306 A.2d 105, 108 (1973). That was an equity case tried in June, 1971, prior to the effective date of our present Vermont Rules of Civil and Appellate Procedure. Formerly, equity rules employed exceptions as a basis for objection and appeal therefrom. However, since July 1, 1971, equity is no longer a distinct action. By V.R.C.P. 2 there is now but one form of action known as a "civil action."

An appeal from a final judgment, as this appellant made, is sufficient. It is not an exception to a judgment and it does not limit the review of this Court to the sufficiency of the findings to support that judgment. V.R.A.P. 3(a), 3(d) and V.R.A.P. Form 1. Furthermore, the sufficiency of the evidence to support the findings of the trial court may be raised on appeal whether or not objection was made below. V.R.C.P. 52(b) and Reporter's Notes. This contention of the appellee is untenable.

Appellant first argues that the court below failed to make findings on the issues made by his pleas of assumption of risk and contributory negligence. It claims this was error.

The word "findings" as used by appellant simply means, under Rule 52(a), findings as to the facts of the case. The defendant urges that since assumption of the risk and contributory negligence are factual issues the court below had the duty to state in its findings whether the plaintiff did or did not assume the risk and was or was not contributorily negligent. It also appears from appellant's brief that the sufficiency of the evidence to support the findings is in question.

V.R.C.P. 52(a) provides:

> In all actions tried without a jury . . . the Court shall, upon request of a party . . . made on the record or in writing within five days after notice of the decision, or may upon its own initiative, find the facts specially . . . .

The record shows that the parties specifically declined to request findings. Nevertheless, the court chose to make findings, but did not specifically find on the issues of assumption of risk and contributory negligence and, under the circumstances of the case, was under no obligation to do so. Formerly 12 V.S.A. § 2385 did require such findings but the statute was repealed and this is no longer the law.

Under the former mandatory findings procedure it appears that the court had no specific duty to find on each and every point raised. This was so even where findings on each and every point were requested. *Milne* v. *Shell Oil Company*, 129 Vt. 375, 378, 278 A.2d 741 (1971). Findings are sufficient if they dispose of the issues presented. *Everlasting Memorial Works* v. *Huyck Monument Works*, 128 Vt. 103, 108, 258 A.2d 845 (1969). If a court which is required to make findings meets

its duty by disposing of the issues presented, it is only logical that a court which is not required to make findings need do no more.

■ The purpose of findings is to make a clear statement to the parties, and to this Court if appeal is taken, of what was decided and how the decision was reached. See R. Field, V. McKusick and L. Wroth, Maine Civil Procedure §§ 52.1, 52.2 (1959), which discusses Rule 52 of the Maine Rules of Civil Procedure from which V.R.C.P. 52 is derived. Findings should not be required when they are needless paperwork. *Id.* § 52.2.

Field, McKusick and Wroth suggest further that the findings are adequate if they indicate the factual basis of the ultimate conclusion. *Id.* § 52.6. This is similar to the prior Vermont test laid down in *Everlasting Memorial Works* v. *Huyck Monument Works, supra,* 128 Vt. at 108, and shows that test to have continued vitality.

■ Findings will stand unless clearly erroneous. V.R.C.P. 52(a); *Bookstaver* v. *Town of Westminster,* 131 Vt. 133, 141, 300 A.2d 891 (1973). This standard is sometimes stated as "fairly and reasonably supported by the evidence." *Vermont Structural Steel Corp.* v. *Brickman,* 131 Vt. 144, 147, 300 A.2d 629 (1973). The sufficiency of the findings in the case at bar must be judged by the foregoing standards.

■■ Assumption of risk pleaded by defendant is a narrow defense in Vermont and, if found to be present, bars recovery. A plaintiff can be denied recovery when he (1) knew of the existence of the risk, (2) appreciated the extent of the danger, and (3) consented to assume that risk. The burden is on the party pleading assumption of risk to establish it, and there must be sufficient facts provided to justify the inference of assumption by the trier of fact. *Johnson* v. *Fisher,* 131 Vt. 382, 306 A.2d 696, 698 (1973).

Appellant concedes in its brief that sufficient evidence was introduced to find a lack of assumption of risk. The appellant's complaint is that while "there may be countervailing evidence" on the issue, the court could not ignore the issue by failing to find whether assumption was or was not present.

■ The trier of fact is given the sole determination as to the weight of the evidence, the credibility of the witnesses and the persuasive effect of the testimony. *State* v. *Pecor*, 127 Vt. 401, 403, 250 A.2d 736 (1969).

■ Based upon its findings that appellant village was negligent and by awarding judgment to plaintiff for damages, the court resolved the issue of assumption of risk against the defendant. No specific finding or conclusion was required in this respect in view of the findings as made. The record shows that the appellant failed to meet its burden of showing assumption of the risk by plaintiff.

Appellant makes similar claim with respect to its defense of contributory negligence. It claims that the failure of the court below to make a specific positive or negative finding on that issue was error. The appellant further argues that there was no evidence to support a finding that contributory negligence was not present.

■ Under our law at the time of trial contributory negligence was held to be more than mere negligence on the part of the plaintiff. It was such negligence on the part of the plaintiff as in itself formed a part of the proximate cause of the injury. When present, contributory negligence then barred recovery, but the burden was on the defendant to show such negligence on the part of the plaintiff. *Lee* v. *Wheeler*, 130 Vt. 624, 627, 298 A.2d 851 (1972). We further held in *Lee* that in contributory negligence, like the question of negligence, proximate cause is a question of fact for the finder of fact to determine. *Id.* Here, there was no such finding.

■ The plaintiff testified without objection that Clark admitted blame for the accident. Clark was determined by the court below to be the agent of the defendant village, and it is undisputed that directing Wells' activities was within Clark's authority. Therefore, his admission against interest was admissible in evidence against the principal. *Middlebrook* v. *Banker's Life & Casualty Co.*, 126 Vt. 432, 434, 234 A.2d 346 (1967). Appellant's argument appears to be that Clark's

admission is the only evidence preventing a finding of contributory negligence. This is not the fact. The court below did not have to rely exclusively, if at all, on Clark's admission. It had only to believe plaintiff's testimony that he was under Clark's direction and find a duty of care.

The court did not find negligence on the part of the plaintiff or that his conduct in the operation of his tractor was the proximate cause, or a part thereof, of the accident. A finding of contributory negligence would have been inconsistent with recovery by the plaintiff. See *Padova* v. *Padova*, 123 Vt. 125, 127, 183 A.2d 227 (1962). Here again, findings are sufficient if they dispose of the issue presented, and make a clear statement on what has been decided and how, which is the situation in the case at bar. Defendant failed to sustain its burden of proof in respect to this defense.

The findings in this case are adequate under the test for required findings and are adequate for optional findings. They are not shown to be "clearly erroneous" and are "fairly and reasonably" supported by the evidence. In this posture, they must stand. *Town of Manchester* v. *Cherbonneau*, 131 Vt. 107, 111, 300 A.2d 548 (1973).

Appellant lastly argues that the award of $13,650 in damages was erroneous. It contends there are no findings to support the award, and no evidence which supports such findings.

Appellant basically objects to a finding that the damages to the tractor were $11,000 because he states there was no finding as to the value of the tractor after the accident. It is undisputed that the measure of damages to a motor vehicle is fair market value before the injury less fair market value after the injury. *Bartlett* v. *Menard*, 126 Vt. 215, 227 A.2d 300 (1966), and cases there cited.

The testimony of plaintiff's witness, received without objection, showed that plaintiff's tractor was worth "Eleven Thousand dollars" before the accident and had a value of "none" afterwards. Furthermore, in response to the question as to the value of the tractor after the accident, appellee Wells stated that it had "none." This uncontroverted evidence was apparently the basis of the finding of the court that the tractor was "demolished."

■ Appellant states that a finding that the tractor was "demolished" is not a finding of value after the injury sufficient to support the award of damages. No authority is cited for this proposition. Based on testimony that the value was "none", the finding that the tractor was "demolished" was a sufficient, if not an equivalent, finding that the tractor had a fair market value of zero dollars after the accident. A more specific finding, if desired, could have been requested under V.R.C.P. 52.

Appellee Wells was awarded $2,650 over and above the vehicle damage. Appellant village claims that this is without support in the findings and evidence.

■ The matter of damages was extensively brought out in evidence. The accident occurred on December 30, 1968, and judgment was entered on April 26, 1973. This was a period of over four years. The judgment is well within the range of the $11,000 for the loss of the tractor and an additional amount in lieu of interest for this four-year delay. Appellant concedes that an award of damages in lieu of interest may be made in tort cases if the trier of fact so decides. *Pettengill* v. *Kelton,* 124 Vt. 472, 475, 207 A.2d 245 (1965).

Apparently based on evidence of interest paid and the long period between accident and award for damages, the court below found in its Conclusions that the plaintiff was damaged by delay. The appellant objected to this finding of damage by delay, stating that evidence is lacking to show that delay was the fault of appellant. The record is barren of any evidence as to why four years elapsed between the date of the accident and trial. Regardless of its cause, the fact remains that for over four years after the accident the appellant did not reimburse the appellee for damages occasioned by its negligence so that, in effect, it had the use of that money.

The court clearly chose to award damages in lieu of interest and we are cited no law or authority indicating that this award was beyond the normal discretion of the court. See *Kerr* v. *Rollins,* 128 Vt. 507, 510, 266 A.2d 804 (1970). No errors appear in the calculation of damages.

■ The appellant also argues that the award of damages was based on the wrongful admission of evidence. We

are unable to determine from appellant's brief exactly what this claim is, and since it is not briefed, we do not consider it.

No error appearing, the judgment below must be affirmed.

*Judgment affirmed.*