### Juanita G. Burke v. Edward J. Burke

[360 A.2d 574]

No. 4-76

Present: Smith, Daley, Larrow and Billings, JJ. and Keyser, J. (Ret.), Specially Assigned

Opinion Filed June 1, 1976

*Paul K. Sutherland* of *Latham, Eastman, Schweyer & Tetzlaff*, Burlington, for Plaintiff.

*Joseph C. McNeil*, Burlington, for Defendant.

**Daley, J.** The question before this Court is whether the legislative change in the age of majority from twenty-one years to eighteen years affects a support agreement made prior to the statutory change to pay child support "until each [child] reaches the age of twenty-one years, or sooner becomes self-supporting". We hold that the statute, 1 V.S.A. § 173, does not affect obligations which accrued before its effective date of July 1, 1971.

The parties were divorced over ten years ago in an action brought in the then Chittenden County Court. By its order

and decree of December 23, 1965, the court decreed the care and custody of the then three minor children of the parties to plaintiff and ordered defendant to pay a monthly sum "for the support and maintenance of his children." The support order also provided that these payments were to be decreased one-third "as each minor child reaches the age of 21 years, or sooner becomes self-supporting. . . ."

This order reflects an agreement of the parties designated "Stipulation" which was filed with the court in December of 1965 before the final hearing, and in 1970 defendant, again by agreement, increased the monthly payments from $290.00 to $300.00, continuing to make them faithfully until his eldest child attained the age of eighteen years. At this point in time defendant reduced his support payments by one-third, except that he continued to send the equivalent of the one-third figure each month directly to his eldest son until his graduation from high school in June, 1975.

Defendant argues that the reduction of the support payments is proper since the Vermont Legislature by statutory amendment reduced the age of majority from twenty-one years to eighteen years, effective July 1, 1971. See 1 V.S.A. § 173. In a hearing held before the Chittenden Superior Court on December 1, 1975, this argument was rejected. Defendant appeals from this ruling.

Section 1 of Public Act No. 90, 1971, reduced the age of majority from twenty-one years to eighteen years. Section 21 of the same Act reads as follows:

> Notwithstanding any other provision of this act, for purposes of any provision contained in a will, trust agreement, deed, contract or other similar instrument, executed prior to the effective date of this act, which includes the word "minor", "infant", "adult", or "majority", or otherwise refers to the state of minority or the attainment of majority, the age of attainment of majority shall be deemed to be 21 years.

The stipulation filed with the court prior to final hearing embodies the intent of the parties and constitutes, in effect, a contract. See *Braine* v. *Braine*, 127 Vt. 211, 243 A.2d 797 (1968). It must, therefore, under Section 21 of Public Act No. 90, remain unaffected by the reduction of the age of majority.

Although defendant also argues that the reduction of the age of majority raises a presumption that his eldest child is self-supporting and should permit the reduction of his support payments, this argument is raised here for the first time and is not considered. See *Laird Properties New England Land Syndicate* v. *Mad River Corp.*, 131 Vt. 268, 305 A.2d 562 (1973).

*Judgment affirmed.*