## Margaret Rice v. Bryan K. Martin

[385 A.2d 1090]

No. 170-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 4, 1978

*Niles, Johnson & Gibbs*, Woodstock, for Plaintiff.

*Parker & Lamb, Ltd.*, Springfield, for Defendant.

**Barney, C.J.** ██ This case involves claimed obstruction of a right of way acquired by adverse use. The disposition below, as is usual with such cases, grants injunctive relief. However, the order fails to follow the directive of V.R.C.P. 65(d) which requires the inclusion of the details necessary to specificity without reference to any other document. Thus a remand is required in any event to correct the form of the order.

The order is also challenged as being based on findings erroneous in law and inconsistent with the evidence in the case. In fact, the findings themselves are subject to conflicting interpretation and a rehearing is required.

The plaintiff and defendant own adjacent premises. In controversy is a right of way asserted to cross defendant's land. It is conceded that there is no color of title based on any documents of conveyance or other instruments. Plaintiff's claim is entirely based on adverse user involving time periods well in excess of fifteen years. The findings recognize this, but seem to confine the operative effect of adverse user effectiveness to the fifteen years prior to commencement of suit.

Although there is evidence in the case, controverted to be sure, that the adverse user was established even prior to the fifteen-year period last past, the lower court did not deal with this issue. Yet in the findings the court refers to the fact that the way has been used for substantially in excess of fifteen

years. The obstruction to the way claimed to interrupt the possession took place at a time when the plaintiff claims the right of way was already established.

The court does state in the findings that it is unable to find that the plaintiff's use has been, as is required, open, notorious, continuing and adverse to the defendant's title. But it is this statement which is modified by the limiting facts with respect to the obstructions in the last fifteen years prior to commencement of suit. The result is that both the factual and legal bases for the result reached is left obscure, and the findings and judgment in conflict. The matter must be reheard. *Cleary* v. *Cleary*, 134 Vt. 181, 183, 353 A.2d 334 (1976).

*Reversed and remanded.*