Margaret Rice v. Bryan K. Martin

[423 A.2d 849]

No. 468-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1980

*Philip M. Johnson* and *Stephen A. Reynes* of *Niles, Johnson & Gibbs,* Woodstock, for Plaintiff.

*Parker and Lamb, Ltd.,* Springfield, for Defendant.

**Per Curiam.** This case is before us for the second time. See *Rice* v. *Martin,* 136 Vt. 124, 385 A.2d 1090 (1978). The trial court again granted injunctive relief against interference with plaintiff's use of her right-of-way, and this appeal resulted.

Defendant claims error because of the inordinate delay between hearing and disposition. The delay is, indeed, inexcusable. But, as in *Anderson-Friberg Co.* v. *S. G. Phillips Corp.,* 137 Vt. 565, 566, 409 A.2d 560, 561 (1979), the prejudice requisite for reversal on this ground does not appear.

He also challenges a lack of finding that the plaintiff's possession was adverse. Both hostility and a claim of right are set out as "Conclusions" rather than as findings. We do not view this mislabelling as a fatal defect, and the items in question appear to be supported by the record.

But the judgment order entered below is indeed defective. It describes the right-of-way location by reference to another document, in contravention of V.R.C.P. 65(d) and the express direction of the previous decision. Nor does it limit the use of the right-of-way to agricultural and recreational use, which all parties concede to be the extent of the easement, and which the court found. Further, the width of the right-of-way is neither found nor set out in the judgment order. A remand is required for determination of this width, for a description of the right-of-way location conforming to the requirements of V.R.C.P. 65(d), and amendment of the order restricting usage by the plaintiff to agricultural and recreational purposes.

*Reversed and remanded for further proceedings consistent with the views herein expressed.*