# Barbara M. Arnold v. William E. Arnold

[444 A.2d 890]

No. 75-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed April 6, 1982

*Louis Lisman,* Burlington, for Plaintiff.

*Matthew I. Katz* of *Latham, Eastman, Schweyer & Tetzlaff,* Burlington, for Defendant.

**Per Curiam.** At their 1968 divorce the parties entered into a stipulation, later incorporated into the judgment. It provided in relevant part that defendant was to pay $32.50 weekly for the support of the parties' two minor children, David and Kimberley. This obligation was to terminate "upon the emancipation, death, marriage or attaining of majority of either minor child." In April, 1977, upon the eighteenth birthday of the youngest child Kimberley, defendant ceased making support payments for her. Plaintiff sought enforcement of the original judgment pursuant to V.R.C.P. 80(j), and the superior court ordered, *inter alia,* defendant to pay the arrearages in child support. Defendant appeals, claiming that reversal is required because the trial court failed to render proper findings on the issue of whether or not Kimberley was emancipated at the time he discontinued support payments.[1]

Although the emancipation question was not raised in the clearest possible fashion, it was certainly brought to the attention of the trial court. Defendant testified, over objection, as to his belief that the child in question was indeed emancipated. Moreover, defendant filed proposed findings on the issue. Finally, he moved pursuant to V.R.C.P. 52(b) for additional findings on the issue of emancipation. The point was thus urged below and will therefore be considered on appeal. See *University of Vermont* v. *Town of Mendon,* 136 Vt. 400, 402, 392 A.2d 415, 416 (1978).

---

[1] Defendant concedes that the fact that Kimberley attained eighteen years of age, and hence the age of majority, does not necessarily constitute "emancipation" as that term is used in the parties' stipulation. See 1 V.S.A. § 173; *Burke* v. *Burke,* 134 Vt. 400, 360 A.2d 574 (1976) (lowering of age of majority to 18 does not affect child support agreements made prior to statutory change).

 At the outset, we express our disapproval of the court's lengthy delay in making and releasing its finding on the question of emancipation. Nearly one year passed from defendant's request until the court amended its original findings to include the cursory statement: "At all times material, the child Kimberly [sic], was not emancipated." Absent good cause such a delay is inexcusable. *Rice* v. *Martin*, 139 Vt. 104, 105, 423 A.2d 849, 850 (1980); *Anderson-Friberg Co.* v. *S. G. Phillips Corp.*, 137 Vt. 565, 566, 409 A.2d 560, 561 (1979). We need not, however, determine at this point whether the delay resulted in prejudice to defendant because we hold that the above-quoted finding does not comply with the requirements of V.R.C.P. 52.

 "It is the duty of the court, in making findings of facts, to sift the evidence and state the facts . . . ." *Lynda Lee Fashions, Inc.* v. *Sharp Offset Printing, Inc.*, 134 Vt. 167, 170, 352 A.2d 676, 677 (1976). The purpose of V.R.C.P. 52 findings is to make a clear statement to the parties, and to this Court if appeal is taken, of what was decided and *how* the decision was reached. *Valsangiacomo* v. *Paige & Campbell, Inc.*, 136 Vt. 278, 280, 388 A.2d 389, 390 (1978); *Wells* v. *Village of Orleans, Inc.*, 132 Vt. 216, 221, 315 A.2d 463, 466 (1974). These objects were not satisfied by the trial court's conclusory statement that the child was not emancipated. To the extent this statement is a conclusion of law, it is not supported by the findings; considered as a finding of fact, it does not satisfy the purposes of V.R.C.P. 52.

*Reversed and remanded for findings in accordance with this opinion.*