**Farrell J. Quinlan v. Paul J. Hamel**

·[465 A.2d 232]

No. 82-088

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed June 7, 1983

*Marion T. Ferguson* of *Ryan Smith & Carbine, Ltd.,* Rutland, for Plaintiff-Appellee.

*Lorentz & Lorentz,* Rutland, for Defendant-Appellant.

**Peck, J.** Plaintiff and defendant were involved in an automobile accident in Fair Haven, Vermont, on December 23, 1977. Plaintiff instituted this action on May 6, 1980, claiming negligence on the part of defendant and seeking to recover for damages to his vehicle. Defendant answered, denying his own negligence, and filed a counterclaim alleging the accident resulted from plaintiff's negligence. Trial was by court on November 5, 1981. Thereafter, the court issued its findings, conclusions of law and judgment order, all in favor of the plaintiff on the issue of negligence. The order dismissed the counterclaim, and awarded plaintiff damages in the amount of $4918.00, plus costs. Defendant appeals from the judgment order; we affirm.

Two issues are before us for review. Both revolve around the matter of interest. The trial court concluded that plaintiff was entitled to recover $3488.82, representing the damage to his car, with interest at the legal rate from the date of the accident to the date of judgment of $1429.18. The sum of these two figures totals the amount awarded as damages by the order.

■ The first issue questions the propriety of assessing interest from the date of the accident to the date of judgment. Defendant argues that in a tort action, or a civil action sounding in tort, interest may not be assessed until the amount of damages has become liquidated by judgment. We need not address that issue directly here. In at least two earlier cases we held that, in a tort action, a sum in lieu of interest may be awarded as part of the damages, although it is discretionary and not recoverable as a matter of right. *Wells* v. *Village of Orleans, Inc.,* 132 Vt. 216, 224, 315 A.2d 463, 468 (1974); *Pettengill* v. *Kelton,* 124 Vt. 472, 475, 207 A.2d 245, 248 (1965). In both cases, this Court's justification of the award in lieu of interest was based on the delay between the date of accident and the date of judgment. It is true, as defendant points out, that a plaintiff controls the time of the commencement of an action within the period allowed by the statute of

limitations. Nevertheless, that is not a valid objection, per se, since plaintiff's decision in this regard is a legal right. Moreover, there is no showing that the delay in instituting suit here was unreasonable, and as we noted in *Wells*, "[r]egardless of its cause [delay], the fact remains that for over four years after the accident the appellant did not reimburse the appellee for damages occasioned by its negligence so that, in effect, it had the use of that money." *Wells* v. *Village of Orleans, Inc., supra*, at 224, 315 A.2d at 468.

It is appropriate to caution the trial courts, in cases where they act as triers of facts, that it would be the better course to use the express language "additional damages in lieu of interest, but not to exceed the legal rate of interest." Nevertheless, these "magic words" are not necessarily essential. See, e.g., *Hall* v. *Miller*, 143 Vt. 135, 465 A.2d 222 (1983). In the instant case, the order itself does not break down the total damage award; the court ordered only "that the plaintiff recover of the defendant damages in the amount of $4918.00." However, in its conclusions of law the court did say, in substance, that plaintiff should recover "interest at the legal rate from December 23, 1977 to November 5, 1981." If this was error, it was harmless. If the court had the discretion to award an amount in lieu of interest, the defendant cannot complain since that amount could properly be measured by what the actual interest would be. Accordingly, we find no grounds for reversal on the first issue.

The second issue raised by defendant claims that adding prejudgment interest to the amount of damages arising from the accident results in compounding interest. In other words, he argues that from the date of judgment until judgment is paid, defendant will be paying interest on interest. There are at least two problems with this argument. First, the damages are determined by the court's order; until the order issues, damages remain unliquidated. Secondly, the amount assessed by the court over and above the injury to plaintiff's vehicle is not interest, per se, although it may be measured by interest, but an amount allowed in the discretion of the trier of facts *in lieu of interest* and upon assessment becomes an element of the total damages. Error does not appear.

*Affirmed.*