**State of Vermont**
**Superior Court — Environmental Division**

==========================================================================
### E N T R Y   R E G A R D I N G   M O T I O N
==========================================================================

**In re Group Five Investments, LLC**                              **Docket No. 34-3-11 Vtec**
**(Appeal from Ferrisburgh ZBA approval of application #10-92)**

Title: Appellant's Motion and Memorandum Pursuant to VRCP 52 & 59 (Motion to Amend)
     (Filing No. 2)

Filed: Nov. 1, 2012

Filed By: Appellants

Response filed on 11/16/12 by Applicant/Appellee Group Five Investments, LLC

 _X_  Granted (in part)          _X_  Denied (in part)           ___ Other

Appellants[1] have requested that this Court alter or amend its Merits Decision of October 24, 2012 ("Merits Decision") pursuant to V.R.C.P. 52(b) and 59(a) and (e). Specifically, Appellants move the Court to issue amended findings and conclusions, additional findings and conclusions, and an amended judgment to correct the Court's mistaken reliance in its Merits Decision on 24 V.S.A. § 4414. Appellants contend that, at the time Group Five Investments, Inc.'s ("Applicant") application was filed, the former 24 V.S.A. § 4407(2) provided the statutory standard for review of a conditional use application. Because 24 V.S.A. § 4407(2) mandated that a project not "adversely affect" the character of the area affected by the project, in contrast to the "undue adverse effect" standard of 24 V.S.A. § 4414(3), Appellants argue that the Court's mistaken reliance on § 4414 requires a new judgment in Appellants' favor.

V.R.C.P. 59(e) allows parties to request that the Court alter or amend its judgment "to rectify its own mistakes in the period immediately following the entry of judgment." N. Sec. Ins. Co. v. Mitec Elecs., Ltd., 2008 VT 96, ¶ 41, 184 Vt. 303 (quoting Greene v. Town of Blooming Grove, 935 F.2d 507, 512 (2d Cir. 1991). It is ultimately within the Court's discretion whether to grant a Rule 59 motion, and we have identified four principal reasons for doing so: (1) to correct manifest errors of law or fact; (2) to allow a party to provide "newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in the controlling law." Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10–11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1); Drumheller v. Drumheller, 2009 VT 23, ¶ 29, 185 Vt. 417 ("Vermont Rule 59(e) is substantially identical to Federal Rule of Civil Procedure 59(e), and we have looked to federal decisions interpreting the federal rule for guidance in applying the Vermont rule.").

---

[1]  Appellants in this case are fifteen individuals: Gary Lange, Elias Baldwin, Judy Chaves, Judy Elson, Greg and Mary Beth Hamilton, Amanda Hodson, Krista MacKulin, Theresa Matlock, Liz and Peter Markowski, Eric McEntee, Tim Hodson, Nick Patch, and Martha Redpath.

Alongside a Rule 59 motion, a party may also move the Court to amend its findings or make additional findings and amend its judgment accordingly under V.R.C.P. 52(b). The Vermont Supreme Court has explained that "[t]he purpose of V.R.C.P. 52 findings is to make a clear statement to the parties, and to [the Supreme] Court if appeal is taken, of what was decided and *how* the decision was reached." Arnold v. Arnold, 141 Vt. 118, 120 (1982) (citing Valsangiacomo v. Paige & Campbell, Inc., 136 Vt. 278, 280 (1978)). Thus, to the extent that this Court's findings fail to support our final decision, we should grant a Rule 52(b) motion.

In our Merits Decision, this Court mistakenly stated that 24 V.S.A. § 4414(3) governs the conditional use review of Applicant's permit application. Section 4414(3), establishing the "undue adverse effect" standard for conditional use review, was enacted as part of the Permit Reform Act of 2004, 2004 Vt. Acts and Resolves No. 115, well before Applicant filed its permit application. However, the enactment of § 4414(3) did not immediately invalidate § 9.4 of the Town of Ferrisburgh Zoning Bylaws ("Bylaws"). Under the "Savings Clause" contained in 24 V.S.A. § 4481, municipalities had until September 1, 2011 to amend certain ordinances, including those enacted under 24 V.S.A. § 4407(2), to conform to the new statutory provisions enacted through the Permit Reform Act. When Applicant filed its permit application in September of 2010, Ferrisburgh had not amended the conditional use provisions of the Bylaws. See Exhibit E at 1; Bylaws § 9.4. Thus, the language in the Bylaws requiring that conditional uses not "adversely affect" "[t]he character of the area affected," was still valid.

Accordingly, we **GRANT** Appellant's motion to alter our Merits Decision and concurrently issue an Amended Merits Decision correctly applying the law in this case.

Our alteration of the Merits Decision does not, however, change either our final decision granting Applicant conditional use approval for its proposed project or our essential reasoning supporting that Decision. Although the term "undue" found in 24 V.S.A. § 4414(3) cannot simply be read into § 9.4 of the Bylaws as they existed at the time Applicant filed its permit, we continue to find no discernible difference between the "adversely affecting" standard contained in the Bylaws[2] and the "undue adverse effect" test as articulated by the Quechee test and applied in the Merits Decision.

Thus, we **DENY** Appellant's motion to alter or amend our final judgment in the Merits Decision, or to make any additional findings in this case.

_____          _____December 4, 2012_____
          Thomas S. Durkin, Judge                                    Date

==========================================================================

Date copies sent: _____                    Clerk's Initials: _____

Copies sent to:

   Attorney James Allan Dumont for Appellants

   Attorney David H. Greenberg for Appellee Group Five Investments, LLC

   Attorney James F. Carroll for Interested Person Town of Ferrisburgh

_____

[2]   In comparing these two terms, we rely upon the express definition for the municipal term provided by the Vermont Supreme Court, which has noted "that the adverse effect test [referenced in zoning municipal ordinances] must be applied reasonably to prohibit only substantial and material adverse effects." In re Miller, 170 Vt. 64, 69 (1999) (citing In re Walker, 156 Vt. 639, 639 (1991) (mem.)).