*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-024

JUNE TERM, 2013

| | | |
|---|---|---|
| John Viskup | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Family Division |
| | } | |
| Juliane L. Hegle (Viskup) | } | DOCKET NO. 719-8-09 Cndm |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Husband appeals from the trial court's order awarding wife $15,000 as compensation for personal property that had been awarded to wife in a 2011 final divorce order but never provided to her by husband.  Husband argues that the court should have used the market value of the personal property rather than its replacement value.[*]  We affirm.

The parties were divorced in 2011 following a short-term marriage.  We affirmed the final divorce order on appeal.  See Viskup v. Viskup, No. 2011-098 (Vt. Aug. 31, 2011) (unpub. mem.).  In our order, we noted that husband had engaged in pattern of retribution against wife following the parties' separation and that, among other things, he had attempted to ruin her reputation with her employer, her friends, family, and coworkers.  It is perhaps not surprising, then, that husband appears to have repeatedly refused to fully comply with the terms of the final divorce order.  Following this Court's order, wife filed a motion for contempt and enforcement.  She alleged, among other things, that husband refused to allow her to retrieve the personal property awarded to her in the final divorce order.  The final divorce order provided that husband must return this property within thirty days.  At a December 2011 hearing, husband testified that he sold some of the property and threw other property into a manure pile. The court issued an interim order directing husband to arrange for the return of the remaining personal property within fourteen days.  It also ordered the parties to attempt to agree upon financial reimbursement for any items that had been sold.  Husband did not fully comply with this order, and wife filed a supplemental motion for contempt.  She indicated that husband had not returned all of the personal property, nor had he responded to her proposed valuation of the property that had allegedly been sold.  Husband produced the item he allegedly had thrown into a manure pit.

Husband continued to delay the return of wife's belongings.  Apparently, many of the items at issue were located in a rental property; husband sold this rental property and included the personal property in the sale.  Additional court hearings were held in February 2012 and March 2012.  In a March 2012 order, the court found that husband still had not fully complied with prior orders.  The court noted that the parties continued to contest the value of personal property that husband owed to wife.  The court directed the parties to exchange information

---

[*] Husband's attorney filed a brief on March 7, 2013.  Husband later terminated counsel's services and filed a pro se notice of appearance.  Counsel withdrew from this case on June 3, 2013, approximately one week before oral argument.  On the same date, husband filed a motion that appears to request an extension of time in which to file a brief in this case.  Husband's untimely request is denied.

concerning the status of the personal property and the value of the personal property by late April 2012. At a commencement of a hearing in September 2012, husband moved to continue. When this request was denied, he filed a motion to disqualify the trial judge, further delaying the proceedings. The disqualification request was denied in October 2012.

At another hearing in December 2012, wife provided an itemized list of the items of personal property that still had not been returned to her. To determine the value of these items, wife relied on receipts for the original cost of some items; she obtained replacement values for the remaining items. The value of all items totaled approximately $15,000. Wife had provided husband with this figure many months prior to the hearing and received no response. Husband refused wife's attempts to settle the debt for $7500. Husband did not present any evidence at the hearing; he offered no evidence of the "market value" of the items at issue. At the close of the hearing, the court found that, under the circumstances, the replacement value, rather than a lesser fair market value, was a fair measure of damages. In reaching its conclusion, the court explained that, at the time of the divorce, wife did not know that husband had sold the personal property at issue, and it found the monetary award reasonable. The court issued a final judgment order directing husband to pay this sum to wife within thirty days. Husband appealed from this order.

Husband asserts that he should not have to pay wife the replacement value for the undelivered items, but should be liable only for their market value. He likens this case to one involving damages to personal property, and maintains that the court was obligated as a matter of law to use the same measure of damages here. He cites Wells v. Village of Orleans, Inc., as support for this contention. 132 Vt. 216, 223 (1974) ("It is undisputed that the measure of damages to a motor vehicle is fair market value before the injury less fair market value after the injury.").

The court was not limited to the measure of damages advanced by husband. This is a divorce case where husband failed to comply with the terms of a court order. The personal property at issue was not damaged; husband refused to provide it, apparently because he had sold it. The court acted well within its discretion in determining that wife was entitled to the replacement value of these items, particularly in light of husband's refusal to timely provide this property and the fact that wife did not know, at the time of the divorce, that husband had sold the property that she had been awarded. Wife provided ample evidence to support her valuation. Husband, by contrast, provided no evidence to support his position. We find no error in the court's decision to order husband to pay wife $15,000 as a replacement value for the personal property that she has been trying to collect since 2011.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice

2