Vermont Superior Court
Filed 06/20/24
Washington Unit

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-04513

**Mountainside Condominium Association v. Vermont Mutual Insurance**

## ENTRY REGARDING MOTION

Title:   Motion to Confirm Supplemental Arbitration Award and Add Post-Judgment Interest  (Motion: 8)
Filer:   Stephen D. Ellis, Esq. and Carl "Ott" Lindstrom, Esq.
Filed Date: April 17, 2024

This arbitration case involves the questions whether the insured, Mountainside Condominium Association ("Mountainside"), is entitled to post-judgment interest on (1) an arbitration award and (2) a supplemental prejudgment interest award between the dates they were issued and the dates they were satisfied.  The awards were issued at different times, and each award has been satisfied by the insurer, Vermont Mutual Insurance Company ("Vermont Mutual").  Mountainside also makes a belated request for an award of its attorneys' fees.

### Procedural History

This case was initially arbitrated in November 2022.  Mountainside filed an application in December 2022 for the Court to confirm the arbitration award and award it pre-award, or prejudgment, interest.  The Court issued a decision on December 1, 2023, confirming the award and remanding the case to the arbitrators to decide whether Mountainside was entitled to prejudgment interest and, if so, the amount of such interest.  *See* Opinion and Order on Cross-Motions for Summary Judgment at 13–14 (Vermont Super. Ct. December 1, 2023) (Tomasi, J.).  Following

remand, the arbitrators issued a supplemental award dated April 12, 2024, stating that Mountainside did not waive its claim for interest and that Vermont Mutual owed Mountainside "interest in the amount of $510,905." *See* Exh. E to Opposition.

The parties agree that Vermont Mutual satisfied the judgment award of $2,031,366 on November 16, 2022, twelve days after the award was issued by the arbitrators, and that it satisfied the prejudgment interest award on April 25, 2024, thirteen days after that award was issued by the arbitrators. Opposition at 2–3; Reply at 2. Mountainside now seeks to have the Court confirm the supplemental prejudgment interest award and add statutory interest to both the judgment award of $2,031,366 and to the prejudgment interest award of $510,905.

The Court makes the following determinations.

Analysis

I.      Interest

Courts construing confirming awards under the Federal Arbitration Act have discretion to award post-judgment interest on arbitrators' awards. *Waterside Ocean Navigation Co., Inc. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984) (trial courts may grant post-judgment interest to arbitration awards). "A confirmed arbitration award made under the Federal Arbitration Act, as this one was, bears interest from the date of the award not from the date of the judgment confirming it." *Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 63 (3d Cir. 1986); *accord New York Hotel and Motel Trades Council, AFL-CIO v. Navika Capital Grp. LLC*, 2022 1617748, at *3 (D.N.J. 2022); *In re Arb. Between Westchester Fire Ins. Co. v.*

*Massamont Ins. Agency, Inc.*, 420 F. Supp. 2d 223, 226 (S.D.N.Y. 2005) ("Post-award, prejudgment interest is generally awarded at the discretion of the district court, and there is a presumption in favor of awarding such interest.").

The Court is persuaded by those decisions and concludes that it retains discretion to award interest in arbitration cases.

As a general matter, Vermont law provides that post-judgment interest shall be added to judgments at the rate of 12% annually, 9 V.S.A. § 41a(a); 12 V.S.A. § 2903(c); and out-of-state courts have applied similar provisions in the context of arbitration awards, *see Roberts v. Del Webb Cmtys., Inc.*, No. 1 CA-CV 13-0119, 2015 WL 770366, at *6-7 (Ariz. Ct. App. Feb. 24, 2015) (applying state law to requests for pre and post-judgment interest awards following FAA arbitration); *Barrett v. Inv. Mgmt. Consultants, Ltd.*, 190 P.3d 800, 804 (Colo. App. 2008) (awarding post-judgment interest based on state law in FAA arbitration case); *26th Street Hospitality, LLP v. Real Builders, Inc.*, 879 N.W.2d 437, 449 (N.D. 2016) (awarding post-judgment interest to FAA arbitrator's award pursuant to rate set forth in parties' contract).

Vermont, however, does not allow post-judgment interest to be calculated on prejudgment interest amounts. Court clerks are directed to add post-judgment interest only to "the full amount of principal included in the judgment" when preparing a writ of execution. Vt. R. Civ. P. 69. The Reporter's Notes to the 1981 amendment of Rule 69 clarify that the Court clerk is to "calculate[] the per diem interest on the amount of the judgment, exclusive of the amount of prejudgment

interest" and that the rule "does not . . . allow interest on interest." *See also Town of Ira v. Vt. League of Cities and Towns & Cas. Intermunicipal Fund, Inc.*, 2014 VT 115, ¶ 17, 198 Vt. 12 (describing "interest on interest" as "invalid" under Vermont law); *Quinlan v. Hamel*, 143 Vt. 147, 149 234 (1983) (noting "interest on interest" is improper but finding rule inapplicable to circumstances), *abrogated on other grds by d'Arc Turcotte v. Est. of LaRose*, 153 Vt. 196 (1989).

This is in contrast to states that allow post-judgment interest to be calculated on both the principal judgment and prejudgment interest amounts. *See Casper Lodging, LLC v. Akers*, 871 N.W.2d 477, 500–01 (S.D. 2015) ("[A]n award of post-judgment interest on an award of prejudgment interest does not result in an award of interest on interest."); *Connecticut Valley Sanitary Waste Disposal, Inc. v. Zielinski*, 763 N.E.2d 1080, 1087 (Mass. 2002) ("[P]ostaward interest on an arbitral award is calculated on the entire amount of the award, which includes both the principal and interest.").

The bulk of Mountainside's request runs afoul of Vermont's rule against interest on interest and is denied on that basis. Given that rule, the Court is not inclined to exercise any potential remaining discretion it may have to award interest in this case. Even if that legal principle somehow did not apply on that question, the request for additional interest is denied on an additional ground as well.

The Court has only a limited scope of review on an issue that was before the arbitrators and on which they issued a decision. *See* 9 U.S.C. § 11 (limitation on

Court's authority to modify arbitrators' award); *Brinckerhoff v. Brinckerhoff*, 2005 VT 75, ¶ 5, 179 Vt. 532. When the interest issue was before the arbitrators on remand, Mountainside asked, not only for prejudgment interest on the $2,031,366 principal award, but also for: (1) pre and post-judgment interest for the period November 4, 2022, through November 16, 2022, on the $2,031,366 principal plus the $510,905 prejudgment interest amounts, and (2) interest on the unpaid interest amounts for the period November 16, 2022, through February 16, 2024. Exh. D to Opposition at 14–15. The arbitrators declined to award this additional interest, as evidenced by their decision on remand. As a result, Mountainside's request for an award of interest seeks relief that the arbitrators have already rejected.

The Court has severely limited power to alter arbitration awards under these circumstances. *See Shahi v. Ascend Fin. Servs., Inc.*, 2006 VT 29, ¶ 10, 179 Vt. 434 (Courts defer to arbitrators' award and do not revisit arbitrators' decision *de novo*); *Brinckerhoff*, 2005 VT 75, ¶ 5, 179 Vt. 532 ("The Court may 'not reweigh the evidence presented to the arbitrator or subject the merits of the controversy to judicial review.'") (quoting *Matzen Constr., Inc. v. Leander Anderson Corp.*, 152 Vt. 174, 177 (1989) (additional quotation marks and citation omitted)). Mountainside has simply not shown that its request for additional interest beyond that awarded by the panel can satisfy the high standard needed to modify the arbitrators' award.

While Mountainside's request for interest for the few days that lapsed between the principal award and when Vermont Mutual paid the award would not amount to interest on interest, as noted above, its request for that period was made

to and rejected by the arbitration panel. And Mountainside has set forth insufficient bases for the Court to overturn that determination. Accordingly, Mountainside's requests for additional interest not awarded by the panel are denied.

## II.     Attorneys' Fees

In its reply memorandum, Mountainside asks the Court to exercise its discretion to award Mountainside its attorneys' fees. Reply at 2. Mountainside did not raise this issue in its opening brief; and, at the appellate level, "'[o]ur law is clear that issues not raised in [a party's] original brief may not be raised for the first time in a reply brief.'" *Vasseur v. State*, 2021 VT 53, ¶ 15, 215 Vt. 224 (quoting *Maynard v. Travelers Ins. Co.*, 149 Vt. 158, 160 (1987)). Although trial courts may retain greater flexibility and discretion in that regard, without doubt, Mountainside's request was tardy.

At all events, Vermont follows the "American Rule," which is that in the absence of a statute or contract to the contrary, each party pays its own attorneys' fees. *Town of Milton Bd. of Health v. Brisson*, 2016 VT 56, ¶ 29, 202 Vt. 121. Vermont law gives the Courts discretion to award fees in exceptional cases involving wrongful acts or bad faith. *Id.* "[T]he exception is triggered only by conduct that could be described as in bad faith, vexatious, wanton, oppressive, or unreasonably obstinate." *Id.* ¶ 30 (citing *In re Gadhue*, 149 Vt. 322, 329 (1987)).

Here, the Court cannot see a basis to conclude that Vermont Mutual acted in bad faith or was vexatious, wanton, oppressive, or unreasonably obstinate when it:

(1) took the position that Mountainside had contractually waived its right to prejudgment interest or (2) argued that the arbitrators were not authorized to arbitrate arbitrability. Even if Mountainside had timely raised the issue of attorneys' fees in its opening brief, the Court concludes that it would not be equitable to award Mountainside its fees in this case. Each side had potentially meritorious claims. They were resolved by the Court and the panel. Fees are not appropriate in this matter.

Conclusion

In light of the foregoing, the Court confirms the arbitrators' supplemental award granting Mountainside prejudgment interest in the amount of $510,905. The Court denies Mountainsides request for additional interest and attorneys' fees.

Electronically signed on Wednesday, 6.20.24,*     per V.R.E.F. 9(d).


Timothy B. Tomasi
Superior Court Judge


*corrected date