CENTRAL VERMONT RAILWAY COMPANY *v.* R. C. BOWERS GRANITE COMPANY ET AL.

November Term, 1925.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 6. 1926.

*Deeds—Boundaries—Expert Testimony—Adverse Possession of Railroad Land—G. L. 5073—"Roadway"—Effect of Railroad Having Acquired Land by Deed Rather Than Eminent Domain.*

1. In action of ejectment, premises occupied by defendant *held* within description of deeds to plaintiff.

2. In such action, holding by trial court that grant in deed extended to river, and thus included premises in controversy, *held* proper, question being one for court.

3. Where testimony of civil engineer as an expert regarding location of property described in deed was uncontradicted and unimpeached and founded upon established facts, fairly warranting conclusion reached, issue does not become jury question simply because supported only by testimony of expert.

4. In view of provisions of G. L. 5073, title by adverse possession, cannot be acquired to land belonging to railroad by virtue of deed, where such land lies within limits of roadway of such corporation as recorded in town clerk's office, and term "roadway" includes such lands of corporation contiguous to center line of road, as shown by such record, as corporation could lawfully take for its roadway by condemnation proceedings.

5. Land contiguous to recorded survey of railroad and within description of deeds properly recorded, *held* part of railroad roadway

"as recorded," though without six-rod location fixed by original survey.

6. That such land was acquired by deed, rather than by right of eminent domain, did not affect its character or right of railroad company in respect to its use.

ACTION OF EJECTMENT. Pleas, general issue, statute of limitations and adverse possession. Trial by jury at the March Term, 1925, Washington County, *Fish*, J., presiding. Verdict directed against defendant R. C. Bowers Granite Company, and judgment on verdict. Said defendant company excepted. The opinion states the case. *Affirmed.*

*H. C. Shurtleff* for the defendants.

Jury is not bound as matter of law to believe expert testimony, but such evidence is to be received and weighed with great caution and narrow scrutiny. *McFadden* v. *Murdock,* 1 Irish R. (C. L.) 211, 218; *State* v. *Watson,* 65 Maine, 74; *Head* v. *Hargrave,* 105 U. S. 45, 26 L. ed. 1028; *Clark Hardware Co.* v. *Suave,* 136 C. C. A. 194; *State* v. *Ward,* 39 Vt. 225; *Carrow* v. *Barre R. R. Co.,* 74 Vt. 176; *Sheldon* v. *Wright,* 80 Vt. 317.

On question of adverse possession, if occupancy is of such a character as would indicate that it was exercised as a matter of right, no verbal notice of possessor's claim is required to make it adverse, and question of character of possession is for the jury. *Jangraw* v. *Mee,* 75 Vt. 211; *Willey* v. *Hunter* 57 Vt. 479; *Eddy* v. *St. Mars,* 53 Vt. 467, 468; *Blaine* v. *Ray,* 61 Vt. 569; *Webb* v. *Richardson,* 42 Vt. 465.

Mere use of land, if shown to have come to the knowledge of the owner of the soil, will *prima facie* establish the fact that such use was under claim of right. *Barber* v. *Bailey,* 86 Vt. 219, 223, 224; *Arbuckle* v. *Ward,* 29 Vt. 43; *Perrin* v. *Garfield,* 37 Vt. 304; *Wilder* v. *Wheedon,* 56 Vt. 344; *Dodge* v. *Stacy et al.,* 39 Vt. 559.

When manner of occupying land clearly indicates to every observer extent of claim of possession, every occasional entry of such possessor will be construed as an act of possession and not a trespass. *Buck* v. *Squiers,* 23 Vt. 499; *Jackeway* v. *Barrett,* 38 Vt. 316; *Coleman* v. *Aldrich,* 61 Vt. 341; *Whitney* v. *French,* 25 Vt. 663.

*J. W. Redmond* and *Horace H. Powers* for the plaintiff.

Title by adverse possession cannot be acquired to such lands as lie within limits of roadway of railroad company, as recorded in town clerk's office.   G. L. 1875, 5073; *So. Pac.* v. *Hyatt,* 132 Cal. 240, 54 L. R. A. 552; *L. & N. R. R.* v. *French,* 100 Tenn. 209, 66 A. R. 752; *Spottiswood* v. *M. & E. R. R. Co.,* 61 N. J. Law, 322, 40 Atl. 505; *Slocum* v. *C. B. & F. R. R. Co.,* 57 Iowa, 675; *Conwell* v. *P. & R. Ry. Co.* (Pa.), 88 Atl. 417; *Kansas City, etc.* v. *Baker,* 183 Mo. 312; *Montpelier* v. *Central Vt. Ry. Co.,* 89 Vt. 36.

Presumption is in favor of a possession in subordination to title of rightful owner, 2 Corpus Juris, 122-124, 264, and cases cited; 1 R. C. L. 695, 705, and cases cited; *Roberts* v. *Sioux & P. R. Co.,* 73 Nebr. 8, 2 L. R. A. (N. S.) 272; *Northern Pacific Co.* v. *Littlejohn,* 198 Fed. 700; *Northern Pacific Co.* v. *Devine,* 53 Wash. 241; L. R. A. Note 1916B, 657; *Rutland Railroad Co.* v. *Chaffee,* 71 Vt. at p. 90.

BUTLER, J.   This is ejectment.   Pleas, the general issue, the statute of limitations, and adverse possession.   On trial a verdict was directed for defendant R. C. Bowers, without an exception being taken.   A verdict was directed for the plaintiff against the defendant, the R. C. Bowers Granite Company, which defendant bring this case to this Court upon exceptions.

The case stood upon the plaintiff's evidence.   No evidence was introduced by the defendant, with the exception of one exhibit, a lease covering the land situate immediately west of the demanded premises, over which there was no dispute.

The demanded premises are situated in Montpelier, on the northerly bank of the Winooski River, and are occupied by the defendant, for a storehouse.   They are contiguous to and claimed as a part of the railroad yard of the plaintiff, one track of which extends past and close to a platform attached to and northerly of the storehouse.   The storehouse stands with the river on the south of it and this spur track on the north of it.

The plaintiff based its title upon two deeds, the first from Joseph Reed to the Vermont Central Railroad Company, dated August 3, 1847, and conveying parcel referred to as No. 6, and the second from Mahlon Cottrill to the same company dated March 30, 1850, conveying parcel referred to as No. 7 in plain-

tiff's plan of lots. The demanded premises are claimed to lie partly in each of these two parcels.

It was conceded on trial that by these two deeds the Vermont Central Railroad Company became the owner of the land therein described, and that the plaintiff is the successor in title of the Vermont Central Railroad Company, and owns the land described in those two deeds unless deprived of such ownership by the adverse possession claimed by the defendant.

[1] The first question raised is whether the demanded premises lie within the description of the deeds. The plan showing the claimed boundaries of the two parcels, produced by the plaintiff, was admitted, without objection, in connection with the testimony of the civil engineer who prepared it, "as evidence of what the plan shows." This plan locates the demanded premises as claimed by the plaintiff.

The parcels Nos. 6 and 7 appear thereon to extend from State Street in Montpelier on the north, to the Winooski River on the south. Each lot has a width of 110 feet, and they lie side by side, the easterly boundary of parcel No. 6 being the westerly boundary of parcel No. 7.

It is objected by the defendant that the plan shows the lot lines as they are today, and not as they were at the date of the deeds. But the evidence was otherwise. It is true that the civil engineer testified that the map represented the lots on State Street, the streets themselves and the river as they were at the time of the trial. But it is apparent from his testimony that he did not mean the lots as at present divided and occupied, but the lots as they existed at the dates of the deeds. He said this, specifically, and detailed the steps taken by him in plotting the lines. He testified that he was acquainted with the entire line of the Central Vermont Railway, from St. Albans to White River Junction and had surveyed it all, and that there was no other place anywhere near where Nos. 6 and 7 could be fitted in; that the plan was correct; and that parcels Nos. 6 and 7 embraced the land in dispute. He also testified to the location of the corners of the parcels in dispute by old stone monuments on State Street, which correspond exactly with the distances given in the deeds of these parcels, and other parcels contiguous to them, also acquired by the Vermont Central Railroad Company.

Defendant contended, however, that the Cottrill deed, which is Exhibit 2, specifies no southern boundary and so does not in-

clude the land in question. The Cottrill deed covering parcel No. 7, though it does not state a southern boundary, conveys "a certain piece of land in Montpelier Village lying on the southerly side of the Winooski turnpike road, being the Campbell Place (so-called)," bounding it "Northerly by said turnpike road (State Street), Westerly by land deeded to the said Railroad by Joseph Reed and Easterly by land deeded the said Railroad Company by Daniel Baldwin, and by land now owned by the Vermont Mutual Fire Insurance Company, be the same more or less."

[2]   No southerly boundary being given, defendant insists that it cannot be said that this parcel extends in that direction to the Winooski River, on the northerly bank of which lie the demanded premises. But if the record shows what and where the "Campbell Place" is, what land was actually covered by this deed will appear, and the record does so show. Cottrill derived his title from Ira Day by a deed dated November 3, 1846, which describes the granted premises as the "house and buildings and land now occupied by Rufus Campbell," and then describes it as bounded on the south by the Onion River, now known as the Winooski River. So it sufficiently appears that Cottrill's grant extended to the river, and the court properly so held, as it was a question for the court. *Steven's Exrs.* v. *Hollister,* 18 Vt. 294, 46 A. D. 154.

[3]   It is objected that the claim of plaintiff as to the location of parcels 6 and 7 was based solely upon the testimony of the civil engineer who was an expert witness; that the jury would not be bound as a matter of law to believe him; and that the rule is that the testimony of such a witness is to be received and weighed with great caution and narrow scrutiny. This is not an accurate statement of rule (*Sheldon* v. *Wright,* 80 Vt. 298, 317, 67 Atl. 807), but whatever the rule as to its weight, when such evidence is uncontradicted and unimpeached and is founded upon established facts, as in the instant case, fairly warranting the conclusions reached, the issue does not become a jury question simply because it is supported only by the testimony of an expert.

The defendant also objects that, in plotting the center line of location of the railroad as it existed in 1850, the plaintiff has assumed, without authority, that the railroad bridge over the Winooski River is now in the same location as it was in that

year, and in plotting parcel No. 5 the description given by the engineer was radically different from the description given in the deed from Humphrey to the plaintiff which refers to that line for a place of beginning. The location of the center line, as given in that deed, is not material in so far as the determination of the lines of parcels 6 and 7 are concerned. By that deed the dividing line between lots 5 and 6 is made its eastern boundary. Nor is the objection valid that the center line of location would, if extended in an eastern direction, cover lands not owned by the plaintiff. This line stopped at the eastern end of the property owned by the Vermont Central Railroad Company, and there was no occasion for a further extension of it at the time of the deeds.

It remains for us to consider whether the defendant has acquired title to the disputed premises by adverse possession.

[4]    One cannot acquire title by adverse possession to land belonging to a railroad company, where such land lies within the limits of the roadway of such corporation as recorded in the town's clerk's office (G. L. 5073). It is to be observed that this statute does not require that the land be within the original location of the road.

The "roadway" is held to include such lands taken by the corporation contiguous to the center line of the road as shown by the record in the town clerk's office as the corporation could lawfully take for the purpose of its roadway by condemnation proceedings. *Drouin* v. *B. & M. R. R. Co.*, 74 Vt. 353, 52 Atl. 957. That this land could be taken for railroad purposes under plaintiff's charter rights cannot well be doubted for it had the right to take possession and use all such land and real estate as might be necessary for the construction of its road and the accommodations requisite and appertaining to the same. No. 53, Acts 1843, § 7.

[5, 6]    In the circumstances shown by the record, it will be presumed that this land came within this provision of the charter. *Drouin* v. *Boston & Maine R., supra.* It was contiguous to the recorded survey, was within the description of the deeds which were properly recorded, and was a part of the roadway "as recorded," within the meaning of the statutes though without the six-rod location fixed by the original survey. That this land was acquired by deed, rather than by right of eminent

domain, cannot affect its character or the right of the company in respect to its use.

The defense of adverse possession being unavailing, the other questions raised need not be considered.

*Judgment affirmed.*

TAYLOR, J., deceased before this opinion was written.