# Robert Kerr v. William G. Rollins, Laurette S. Cote

[266 A.2d 804]

No. 997

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 2, 1970

508

*Davis, Martin & Free,* Barre, for Plaintiff.

*Downs & Rachlin,* St. Johnsbury, for Defendant Laurette S. Cote.

*Theriault & Joslin,* Montpelier, for Defendant William G. Rollins.

**Holden, C.J.** The plaintiff was injured while riding as a passenger in a motor vehicle operated by the defendant Rollins in Derby, Vermont, early on the morning of September 3, 1965. There is little or no dispute about the facts of the accident. The Rollins vehicle was traveling south on U.S. Route 5. It collided with a disabled and unlighted vehicle, halted just over the brow of a hill, in the same lane of travel and headed in the same direction. The battery in the disabled vehicle, owned by one Wheeler, was being aided by power from the Cote car.

Mrs. Cote had aligned her car in front of the Wheeler vehicle in the same lane of travel, headed in the opposite direction, but closer to the center line of the highway. The Cote and Wheeler vehicles were positioned in this way to enable power to be transferred from the Cote battery to aid in starting Wheeler's vehicle by means of jumper or connecting cables. The Cote right headlight was visible and beamed to the north. While these cars were in this situation they were overtaken and struck by the Rollins' vehicle.

In this action, which followed, the jury returned a verdict against both the defendant Cote and the host operator Rollins in the amount of $6,000. The trial court denied the plaintiff's motion to set the verdict aside and order a new trial on all issues. Judgment was entered for the amount of the verdict and the plaintiff appeals.

The plaintiff challenges the award as a compromise. We must ascertain whether the record supports the contention that the jury adjusted the damages to accommodate doubtful liability.

The jury found both defendants at fault and the controlling facts in this regard are not in serious dispute. The plaintiff, as a guest passenger, was not an active participant in what happened.

However, Mrs. Cote defended, in part at least, on the theory that the plaintiff and his host driver had been drinking heavily and were intoxicated just before the accident. The defendant's evidence on this point was presented through a barmaid who had waited on the plaintiff and the defendant Rollins on the night of the accident. There was strong evidence to the contrary, notably from the state police officer who investigated the accident and the physician who treated the injured. In any event, the evidence on this issue was sufficiently charged with controversy to render it a capable medium for compromising the verdict. The record bears this out.

The case was submitted at 3:40 P.M. At 9:15 that evening the jury returned a verdict which sought to charge the defendant Cote with liability in the amount of one thousand dollars; her co-defendant, the plaintiff's host, was assessed at five thousand dollars. In refusing to accept the verdict, the court indicated that the jury had misconstrued its instructions. Apparently some misunderstanding persisted after the jury was further instructed, for one of the panel stated to the court—"I think some do not think we understand, do we Mrs. Dudley?"

Counsel for one of the defendants stated "I think there is a problem of compromise on liability." No further questions were asked by the jury. No additional instructions were given. Shortly before ten o'clock the jury returned its final verdict.

It is desirable,—and often essential to the jury function, that the members of the panel harmonize and reconcile the differing views and opinions which will develop during the course of a contested trial. But the surrender of a conviction on a material issue in exchange for an equally settled opposing view, by adjusting the compensation rightfully due a claimant, is not entitled to judicial approval by the trial court or on

appellate review. *Simmons* v. *Fish,* (Rugg, C.J.), 210 Mass. 563, 97 N.E. 105. See also, James, Remedies for Excessiveness or Inadequacy of Verdicts, 1 Duquesne L.R. 143.

We turn next to the evidence of damage as it relates to the compensation awarded by the verdict. In considering this aspect of the verdict, we are called upon to take the facts bearing on this question in a light favorable to the verdict as approved by the trial court. Our problem is to ascertain whether the award falls below the lower limits permitted by the evidence. In reviewing this claim of error, we are mindful that first the jury, and then the court in ruling on the motion to set aside, have the liberty of broad discretionary judgment. *Brunelle* v. *Coffey,* 128 Vt. 367, 264 A.2d 782; *Quesnel* v. *Raleigh,* 128 Vt. 95, 258 A.2d 840, 843; *Rule* v. *Johnson,* 104 Vt. 486, 491, 162 A. 383.

The plaintiff was rendered unconscious. He suffered a severe cut in the middle of his forehead. Four teeth were broken. Teeth on the lower jaw were loosened; one was fractured. He was transported to the hospital by ambulance.

The plaintiff regained consciousness while undergoing emergency treatment at the Orleans Memorial Hospital. Dr. Fiermonte, who attended him, testified the plaintiff sustained a cerebral concussion. A severe laceration extended from the right upper forehead to the bridge of his nose, which required thirty sutures. The fibula in the left leg was fractured. He had lacerations of his tongue and lower lip. After hospitalization of three days, he was transferred to his home where he was confined for a month. His leg was in a cast for six weeks.

The plaintiff was later hospitalized for two days at the Mary Hitchcock Hospital in Hanover, New Hampshire, for plastic and reconstructive surgery. The residual facial scar is of permanent duration, but, in the surgeon's words—"would not command significant attention."

The plaintiff incurred medical, dental and hospital care in the amount of $4,714.43. Of the total expenses claimed, only the dental surgery performed in Montreal by Dr. George A. Brabant is in dispute.

The evidence bears out that shortly after the plaintiff was released from his initial hospitalization, pain in the area of

the broken teeth required their removal and replacement by a partial denture. Following this procedure, the lower jaw malfunctioned. To correct this difficulty, the plaintiff consulted Dr. Brabant at Montreal.

The professional services he rendered to the plaintiff were described and evaluated in the doctor's deposition. "Complete mouth rehabilitation of lower jaw. This means left and right, plus x-rays, twelve hundred dollars. Complete rehabilitation of upper maxilla, bone surgery, two thousand dollars." Examinations, x-rays, prophylactics, postoperative checkups completed the total bill of $3,505. These services were necessary to restore occlusion. They involved a series of treatments in Montreal, extending over a period of more than a year. In the surgeon's professional opinion, the charges were reasonable for the services he had rendered and the successful results.

The defendants offered no independent expert evidence to oppose the testimony of Dr. Brabant concerning his charges for professional services. They argue, however, that his testimony, taken in a light most favorable to the award, justified the jury in reducing his charges by one-half. The reasoning is based on the premise that the plaintiff lost only five teeth as a result of the accident, yet the doctor restored certain teeth that were missing at the time of the accident.

The defendants offered no informed testimony to support their claim for a reduction in the charges presented by Dr. Brabant. The doctor testified that the replacement teeth and dentures were required to restore stability. We have been unable to find any evidence to rebut the testimony that there was no other way of restoring proper occlusion and that what was done was a necessary result of the accident.

■ ■ To reduce this element of the plaintiff's damage in the manner suggested by the defendants would be to replace undisputed medical evidence by mere conjecture. Of course, contradictions in the opinions of opposing expert witnesses are for the jury to resolve. *Fournier* v. *Burby,* 121 Vt. 88, 93, 148 A.2d 362; *Domina* v. *Pratt,* 111 Vt. 166, 174, 13 A.2d 198. But here Dr. Brabant's opinion is uncontradicted and founded on facts established in the record. In this posture, such evidence is not to be discounted by the jury, simply be-

cause it is derived from an expert. *Central Vermont Railway Company* v. *Bowers Granite Co.,* 100 Vt. 26, 30, 134 A. 608. See also, *Sheldon* v. *Wright,* 80 Vt. 298, 317–318, 67 A. 807.

■ In the presence of the testimony of the performing surgeon that his expense was reasonable and necessary, the burden of overcoming this proof to sustain the exclusion of such expense from the jury's award, was transferred to the defendants. The defendants presented nothing by way of mitigative evidence, and left this burden unattended. And without countervailing evidence, the reduction of proven damages is not supported by the record.

The plaintiff reckoned his travel expense for medical and dental treatment required by his injuries at approximately $700. This was based on travel to and from Montreal, Burlington, Vermont and Hanover, New Hampshire, in the years 1965 through 1967, computed at ten cents a mile. The defendants contend the claim for this expense was properly rejected by the jury since the vehicles used to transport him were furnished by the Kerr Auto Sales Corporation, and the plaintiff was its sole stockholder.

■ The fact that this expense was furnished gratuitously, or borne by another, presents no obstacle to the recovery of its reasonable worth to the person injured. *D'Archangelo* v. *Loyer,* 125 Vt. 325, 327, 215 A.2d 520; *Northeastern Nash Automobile Company, Inc.,* 100 Vt. 246, 258, 136 A. 697. See also, 22 Am.Jur.2d, Damages § 102. With the issue of liability fixed, the jury was not at liberty to disregard the plaintiff's evidence of necessary travel in measuring compensation for negligent injury. 25A C.J.S., Damages § 47(2).

The plaintiff's claim for business loss has a different bearing. He contends that his injuries forced him to be absent from his sales corporation for some ninety-six days. The corporate earnings which accrued solely to the plaintiff in 1964 were $5,631.45. This was in addition to his weekly salary which continued without interruption or reduction during the time in question. In the year of the accident the business suffered a loss of $2,930.67. He sought to recover the difference of $8,562.12 as a direct monetary loss.

■ The plaintiff failed to establish, with any degree of certainty, a causal connection between his injury and the corporate business loss of 1965. As the defendants point out, the gross sales increased in that year. And the jury might well have found that the loss of net earnings for the period was due to the exceptional amounts charged to the bad debt reserve for that particular year, rather than a consequence of the accident. The conjectural aspect of the evidence, as to this element of damage, supports the rejection of the claim in its entirety.

■ The elimination of business loss does not vindicate the verdict. The other elements of special damage that stand without substantial contradiction amount to $5,576.93. The remainder of the verdict affords less than five hundred dollars to compensate for the permanent loss of five anterior teeth, a permanent facial scar, a broken leg and the attendant pain and suffering. This amount is below the limits of the broad discretionary judgment entrusted to the jury in assessing the general damages which follow as a natural and proximate consequence of the defendants' negligence. The scant award indicated in the verdict represents inadequate compensation for the injuries sustained.

The unexplained inadequacy of the award, of itself, suggests compromise. *Sawyer* v. *Ewen,* 122 Vt. 320, 327, 173 A.2d 549; *Simmons* v. *Fish, supra,* 97 N.E. at 106. The record confirms it.

The symptoms of compromise and misunderstanding, coupled with the inadequacy of the compensation for permanent injury, pain and suffering, are sufficient to override the trial court's refusal to set aside the verdict. If the plaintiff is entitled to recover against either or both defendants, he should be justly compensated for the damages inflicted as a result of the accident. *Dusckiewicz* v. *Carter,* 115 Vt. 122, 128. Since the inference of compromise and misdirection undermines the entire verdict, the judgment for the plaintiff will be reversed and the cause remanded on all issues. *Sawyer* v. *Ewen, supra,* 122 Vt. at 327; *Parizo* v. *Wilson,* 101 Vt. 514, 522, 144 A. 856.

*Judgment reversed and cause remanded.*