## Patricia Peterson v. Lee R. Chichester

[600 A.2d 1326]

No. 89-499

Present: **Allen, C.J., Gibson, Morse and Johnson, JJ.**

Opinion Filed December 6, 1991

*Mark W. Roberts* of *Barron & Stadfeld, P.C.*, Boston, Massachusetts, for Plaintiff-Appellant.

*Sheila C. Files* of *Douglas Richards, P.C.*, Springfield, for Defendant-Appellee.

**Morse, J.** In this personal injury case, plaintiff asks that we reverse and remand for a new trial on the grounds that the jury verdict was compromised and that a post-judgment interview with the foreperson of the jury was improper. Plaintiff also seeks a reversal of the order denying her costs. We affirm.

## I.

Plaintiff was injured when defendant collided with her on a ski trail at a commercial ski resort. At trial, the jury concluded defendant was 51% negligent and plaintiff 49% negligent. Finding that plaintiff suffered total damages of $18,388, the jury awarded her $9,377 based on comparative negligence.

When she gave the verdict form to the court clerk, the jury foreperson told the clerk that she was not sure the jury understood. The court related this to counsel at the bench, saying:

[W]hen the foreperson gave Jane the envelope, she said I'm not sure we understood. She had the charge in her hand. They have filled this out . . . they have come up with a Defendant's verdict, but they've . . . awarded damages. . . . I don't want to let them go if anything's wrong. . . .

After some discussion, the court stated, "I'm going to say [to the foreperson] what did you intend to do, and we'll start with that." Plaintiff's counsel then said, "Actually I think what they did is consistent because it's not a Defendant's verdict. . . . I mean, the Defendant was fifty-one percent negligent, and the Plaintiff is forty-nine percent negligent, so it's not a Defendant's verdict." After more discussion to determine if the calculations were correct, the court thanked and discharged the jury.

Following entry of judgment for plaintiff, she moved, under V.R.C.P. 59, for an order increasing the verdict ("additur"), or in the alternative, a new trial. She subsequently requested a new trial on the ground that the jury verdict was compromised. Plaintiff also requested that the presiding judge recuse herself from deciding the motion. The judge declined to recuse herself, denied the Rule 59 motion and plaintiff's motion for costs.

While the Rule 59 motion was pending, plaintiff's counsel telephoned and interviewed the jury foreperson. Defendant's counsel, learning that plaintiff's counsel intended to contact the foreperson, filed an objection with the trial court. By order, the court granted plaintiff's request to interview the foreperson and scheduled it at the courthouse with counsel and the court present. At the interview, the foreperson expressed nothing unusual to indicate that the jury acted improperly or misunderstood the proceedings in any respect.

## II.

Focusing on the minimal amount found as damages, plaintiff claims the verdict was compromised and the judgment should be reversed. Plaintiff incurred "special damages" of $5,160 in medical expenses and $10,350 in lost wages. Given the finding of $18,388 total damages, the amount attributable to pain and suf-

fering and permanent injury was less than $3,000. Plaintiff had broken her arm, received several cuts on her face requiring stitches, received bruises on her body, and strained her neck and jaw. Plaintiff's doctor testified that she would permanently suffer a 20% disability to her right shoulder, problems with her back, neck and jaw, and periodic headaches. Plaintiff was bedridden two months and out of work five.

Plaintiff relies primarily on *Kerr v. Rollins*, 128 Vt. 507, 513, 266 A.2d 804, 808–09 (1970), in which this Court held that inadequate damages for pain and suffering and permanent injury (an amount "below the limits of the broad discretionary judgment entrusted to the jury") "coupled" with "symptoms of compromise and misunderstanding" by the jury, undermined the entire verdict and warranted reversal of the judgment and a new trial.

There will often be "symptoms" that a jury may have compromised a verdict whenever liability is contested. The "symptoms" in this case are less apparent than in *Kerr* because here the jury expressly split the liability 51%/49% between defendant and plaintiff. The foreperson's comment about misunderstanding is similar to the "symptom" in *Kerr* about misunderstanding, but here, unlike in *Kerr*, the foreperson's explanation expressed no jury confusion about the *damages* issue.

■■ Although the award of damages for pain and suffering and permanency was low, the trial court was within its broad discretion in allowing it to stand. Further, we do not find any error by the court under V.R.C.P. 59(a). That rule, which came into effect after *Kerr* was decided, mandates only that, where a court would overturn a verdict and call for a new trial on the ground of inadequate damages, it must first offer the defendant the opportunity to accept an additur. Since here the court found the damages sufficiently adequate to allow the verdict to stand, Rule 59(a) is not implicated.

### III.

Because the court allowed and participated in an inquiry into the deliberative process of the jury, plaintiff argues a new trial should be granted. This is indeed curious, because it was plaintiff who sought to demonstrate a compromise verdict by prov-

ing it with the words of the jury foreperson. In fact, plaintiff's counsel himself spoke on the telephone with the foreperson, who apparently conversed freely and answered his questions. Despite this, plaintiff has not sought relief because of anything the juror told her counsel in private.

■ Plaintiff claims that the juror interview on the record violated V.R.E. 606 (upon inquiry into validity of verdict, juror may not testify about any statement during jury's deliberations or any mental process connected with reaching the verdict). While this may be true, plaintiff cannot now complain since her counsel instigated the procurement of the foreperson's views and participated in the interview on the record, rather than objecting to it.

■ Plaintiff asserts that the judge's denial of her motion to recuse, after presiding over the on-record interview with the foreperson, is reason for us to withhold "deference" to the denial of her motion for a new trial. This claim was likewise waived when plaintiff did not object to the judge's presence at the interview.

Plaintiff further contends that the court should have permitted *more* questioning of the juror. But plaintiff's counsel invited the error that the juror be interviewed at all. Plaintiff should not profit from acceptance of her invitation to participate in an event she now claims should never have occurred in the first place.

Plaintiff's maneuvering with the foreperson points out the wisdom behind V.R.E. 606(b), which forbids a juror to testify about the deliberation process except

> on the question whether extraneous prejudicial information was improperly brought to the jury's attention, whether any outside influence was improperly brought to bear upon any juror, or whether any juror discussed matters pertaining to the trial with persons other than his fellow jurors.

See *Bellows Falls Village Corp. v. State Highway Board*, 123 Vt. 408, 411–12, 190 A.2d 695, 697–98 (1963).

## IV.

Finally, plaintiff argues she should have been awarded her litigation costs, including the filing fee, costs of depositions, and witness fees.

■■ The trial court has discretion in awarding costs. V.R.C.P. 54(d) (costs allowed, "unless the court otherwise specifically directs"); V.R.C.P. 54(g) (taxing of deposition costs subject to court's discretion). We find no abuse of discretion here, especially given that plaintiff put defendant through the time and effort to resist the effect of the juror's interview.

*Affirmed.*