**State of Vermont**
**Superior Court—Environmental Division**

=======================================================================

## ENTRY REGARDING MOTION

=======================================================================

**In re Cote Site Plan Approval**                                      **Docket No. 52-4-10 Vtec**
**(Appeal of DRB Decision on Cote Site Plan)**

Title: Motion to Amend 3/4/13 Decision & Award Costs and Fees (Filing No. 16)

Filed: March 11, 2013

Filed By: Appellee Janet Cote

Response/objection filed on 3/28/13 and 3/29/13 by Appellants Leo Bilodeau, John E. Maslar, and Jerome Franklin

___ Granted                     _X_ Denied                     ___ Other

Appellee Janet Cote, now appearing pro se, asks that this Court amend its March 4, 2013 merits decision by granting her reimbursement of her court costs, attorney's fees, and other expenses. Although Appellee's motion is styled as a motion to amend, we treat Appellee's motion as seeking attorneys fees and costs pursuant to V.R.C.P. Rule 54(d).

The March 4, 2013 decision was the final decision in a long series of litigation between neighboring property owners over concerns related to unpermitted filling and surface water issues. During the several years of litigation, Appellee Cote was found to have violated the Town of St. Albans (Town) zoning bylaws. She was ordered to pay a penalty, to obtain Town approval for her prior activities, and to complete—and obtain Town approval for—necessary remedial actions. Our March 4, 2013 decision provides Appellee Cote with her final approval and hopefully ends the protracted litigation for all parties.

Like a majority of jurisdictions in the United States, Vermont follows the "American Rule" with regard to attorney's fees. Gramatan Home Investors Corp. v. Starling, 143 Vt. 527, 535 (1983). Attorney's fees under our practice are not awarded absent special legal [i.e., statutory] authority or as a matter of contract." Myers v. Ambassador Ins. Co., 146 Vt. 552, 558 (1986) (citations omitted). Additionally, courts have limited authority to award attorney's fees in truly exceptional circumstances. See Appeal of Gadhue, 149 Vt. 322, 327–30 (1987) (awarding attorney's fees to cover a lawsuit that plaintiff had to file in order to obtain the relief to which a prior lawsuit entitled her); Vt. Women's Health Ctr. v. Operation Rescue, 159 Vt. 141, 150–51 (1992) (upholding a trial court's grant of attorney's fees in a contempt action against parties who evaded service of a temporary restraining order that restricted their conduct while protesting outside a women's health clinic and who knowingly violated the order). Absent exceptional circumstances, the American Rule regarding attorney's fees applies, and in such cases, each party is required to pay its own attorney's fees. See Galkin v. Town of Chester, 168 Vt. 82, 91 (1998).

We are unaware of any statutory provision or agreement of the parties authorizing an award of attorney's fees in this case. Furthermore, the parties' disputes and positions

advanced during litigation, while sometimes off the mark and bearing little relevance to the issues properly before the Court, do not rise to the level of exceptional circumstances warranting the award of attorney's fees.   Consequently, we **DENY** Appellee Cote's motion for attorney's fees.

V.R.C.P. 54(d)(1) authorizes a trial court to impose the costs of the prevailing party, other than attorney's fees, on to the opposing party in a trial court proceeding.   Awarding costs to the prevailing party in a civil action pursuant to V.R.C.P. 54(d)(1) is a discretionary matter for the trial court.   See, e.g., <u>Jordan v. Nissan N. Am., Inc.</u>, 2004 VT 27, ¶16, 176 Vt. 465 (citing <u>Peterson v. Chichester</u>, 157 Vt. 548, 553 (1991)).   "Except for the provisions of Rule 54(f) and (g), for trustee cases and depositions, most items of costs are statutory."   Reporter's Notes, V.R.C.P. 54 (citing 32 V.S.A. § 1471).   These statutory costs are generally limited by 32 V.S.A. § 1471 to "the entry fees, the cost of service fees incurred and the total amount of the certificate of witness fee paid."   <u>Bell v. Palmer</u>, No. 64-4-02 Ancv. (Vt. Super. Ct. Addison Cnty. May 9, 2005) (Reiss, J.).   The Court cannot award even these limited costs to a prevailing party unless the prevailing party demonstrates that they were necessary.   See <u>In re Jackson Subdivision ROW Access</u>, No. 195-9-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. Jan. 20, 2009) (Durkin, J.).

In her motion seeking attorney's fees and costs of litigation, Appellee Cote lists total costs of $49,600.00 for "engineering" and "$4,000.00 for a second mediation and supporting evidence."   (Appellee's Mot. to Amend Final J. to Award Appellee Fees and Expenses at 1, filed Mar. 11, 2013.)   Not only does Appellee Cote fail to provide any evidence or further details supporting these cost figures, but she also appears to list costs that are not reimbursable under V.R.C.P. 54.   Accordingly, we **DENY** Appellee Cote's motion for costs.

| | |
|---|---|
| _____ | _____April 1, 2013_____ |
| Thomas G. Walsh, Judge | Date |

=========================================================================

Date copies sent:  _____                                        Clerk's Initials _____

Copies sent to:

   Appellant Leo Bilodeau
   Appellant John E. Maslar
   Appellant Jerome Franklin
   Vincent A. Paradis, Esq., Attorney for Interested Person Town of St. Albans
   Appellee Janet Cote
   Cynthia Broadfoot, Esq.