**State of Vermont**
**Superior Court - Environmental Division**

======================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**In re Lathrop Limited Partnership I**         **Docket No. 122-7-04 Vtec**
**(Appeal of Rueger et al of Bristol DRB Approval)**

**In re Lathrop Limited Partnership II**         **Docket No. 210-9-08 Vtec**
**(Appeal of Lathrop Limited Partnership of DRB Denial)**

**In re Lathrop Limited Partnership Act 250 Permit**         **Docket No. 136-8-10 Vtec**
**(Appeal of Lathrop Limited Partnership of Act 250 Denial)**

Title: Applicant's Bill of Costs (Filing No. 20)

Filed: November 1, 2013

Filed By: Lathrop Limited Partnership

Response in Opposition filed on 11/5/13 by Russell Rueger et al.

Response in Opposition filed on 11/6/13 by Donald and May Morris

Reply to Rueger et al.'s Opposition filed on 11/25/13 by Lathrop Limited Partnership


___ Granted         _X_ Denied         ___ Other

Lathrop Limited Partnership ("Lathrop") submitted a Bill of Costs following our October 18, 2013 Decision and Judgment Order approving Lathrop's application for municipal and state land use approval for a sand and gravel extraction project in the Town of Bristol, Vermont. Lathrop submits the Bill of Costs for $6,463.12 pursuant to the Court's Judgment Order, V.R.C.P. 54(d), and 32 V.S.A. § 1471. The Bill of Costs consists of deposition expenses, witness fees, filing fees, and costs for producing photocopies of requested documents. Donald and May Morris and Russell Rueger et al. each filed timely objections to the Bill of Costs.

V.R.C.P. 54(d)(1) authorizes this Court to impose the costs of the prevailing party, other than attorney's fees, on the opposing party or parties. Awarding costs to the prevailing party in a civil action pursuant to V.R.C.P. 54(d)(1) is a discretionary matter for the trial court. See, e.g., Jordan v. Nissan N. Am., Inc., 2004 VT 27, ¶16, 176 Vt. 465 (citing Peterson v. Chichester, 157 Vt. 548, 553 (1991)). Likewise, imposing the costs of depositions is subject to the court's discretion and requires the court to find that the taking of the deposition was reasonably necessary, whether or not the deposition was actually used at trial. V.R.C.P. 54(g).

First, we decline to award $2,862.01 in costs for "copying documents for production" because Lathrop has failed to demonstrate how this item fits within the provisions of Rule 54(d)(1) and § 1471. Section 1471 limits costs to "entry fees, the cost of service fees incurred, and the total amount of the certificate of witness fees paid." Because Lathrop has not provided an

explanation for the copying expenses, much less a compelling reason for why this Court should reimburse them, we will not impose these costs on the opposing parties.

Furthermore, we deny the remainder of Lathrop's Bill of Costs in order to avoid placing any chilling effect on public participation in state and municipal land use proceedings. Public participation is woven into both Act 250 and the Vermont Planning and Development Act. Lathrop proposed a substantial project with the potential for significant local impacts over the course of several decades. Following over 10 years of proceedings in the various municipal review panels, the Act 250 District Environmental Commission, and this Court, the Court found numerous conditions necessary to ensure that the project complied with all municipal and state regulations. We recognize that all parties have expended significant time and resources on these proceedings and we decline to impose costs on the participating neighbors solely because this Court ultimately decided to conditionally approve Lathrop's Act 250 and municipal permit applications.

For these reasons, we **DENY** Lathrop's Bill of Costs.

_____          ___February 11, 2014_____
            Thomas S. Durkin, Judge                              Date
=============================================================================
Date copies sent: _____                              Clerk's Initials: _____
Copies sent to:
    Service List