# STATE OF VERMONT

SUPERIOR COURT                                        ENVIRONMENTAL DIVISION
Vermont Unit                                              Docket No. 65-5-14 Vtec

---

| Norris Conditional Use Permit |
---

## ENTRY REGARDING MOTION

Title:         Motion for Costs (Motion 3)
Filer:         Robert Scott DeBaise
Attorney:      James Allan Dumont
Filed Date:    January 20, 2015

Response filed on 01/23/2015 by Attorney Benjamin H. Deppman for Appellee Mathew Norris
         Opposition

**The motion is DENIED.**

Ronald Scott DeBaise and Christine DeBaise move for costs following this Court's January 8, 2015 Decision and Judgment Order granting their motion for summary judgment and denying Matthew A. Norris's conditional use application to construct a three-building self-storage business on his property located on Route 116 in Starksboro, Vermont.  Pursuant to Rule 54(g) of the Vermont Rules of Civil Procedure and 32 V.S.A. § 1471, the DeBaises seek reimbursement for court costs amounting to $426.26.  This figure consists of the cost to file the appeal, the cost of service, and the cost to depose Mr. Norris.  Mr. Norris filed a timely objection to the DeBaise's motion.

Both Rule 54(g) and 32 V.S.A. § 1471 authorize this Court to impose the costs of a prevailing party's deposition and/or court costs on the opposing party.  This decision is subject to the Court's discretion, although the Court cannot award deposition costs to a prevailing party unless they demonstrate that such costs were necessary.  See In re Jackson Subdivision ROW Access, No. 195-9-07 Vtec, slip op. at 3–4 (Vt. Envtl. Ct. Jan. 20, 2009) (Durkin, J.) (citing V.R.C.P. 54(g)); Jordan v. Nissan North America, Inc., 176 Vt. 465, 473 (2004) (citing Peterson v. Chichester, 157 Vt. 548, 553 (1991); V.R.C.P. 54(d)(1)).

Historically, the Environmental Division has been hesitant to award costs to a prevailing party to prevent a chilling effect on real property owners pursuing their property rights or protecting their property interests.  This Court's de novo review of a municipal panel's decision is usually the parties' first opportunity to assert their legal rights in a formal proceeding.  We do not wish to discourage the filing of appeals to this Court, where a property owner is seeking a permit or an interested party is challenging the award of a permit, by granting costs to the prevailing party absent some compelling reason to do so.  Mr. Norris applied for and received a permit from the Town of Starksboro, and although we concluded on summary judgment that the permit was invalid, the Court sees no reasons why Mr. Norris could not have had a reasonable belief that he was entitled to a permit.

Under Rule 54(g), it is the DeBaises burden to demonstrate that the costs of deposition were necessary, and the DeBaises have offered no supporting details as to why the deposition was necessary. We also note that 32 V.S.A. § 1471 provides for costs to be awarded to a "recovering party," which it is different than a "prevailing party." Thus, we do not believe 32 V.S.A. § 1471 is applicable.

For these reasons we conclude that Mr. Norris is not responsible for the DeBaises costs in filing their appeal. We therefore **DENY** the DeBaise's motion for costs in the amount of $426.26.

Electronically signed on April 14, 2015 at 11:14 AM pursuant to V.R.E.F. 7(d).

_____

Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
James Allan Dumont (ERN 1948), Attorney for Appellant Robert Scott DeBaise
James Allan Dumont (ERN 1948), Attorney for Appellant Christine DeBaise
Benjamin H. Deppman (ERN 1154), Attorney for Appellee Mathew Norris
Interested Person Lausanne Allen
James W. Runcie (ERN 2173), Attorney for Interested Person Town of Starksboro