# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 11-2-16 Vtec

---

### 110 East Spring Street CU

---

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Conditional Use (11-2-16 Vtec)

Title:          Motion to Withdraw Application w/o Prej Correct (Motion 4)
Filer:          John Wilson
Attorney:       John L. Franco
Filed Date:     November 11, 2016

Response filed on 11/21/2016 by Attorney Franklin L. Kochman for Appellant Chittenden
Housing Corporation
        Response

**The motion is GRANTED.**

Applicants John and Mary Wilson and Steven Polli have moved to withdraw the zoning application at the center of this dispute. Appellant Chittenden Housing Corporation does not object to the Applicants' motion, though the Appellant does request the Court to award costs for its appeal.

The application in this case is for a conditional use permit to convert a commercial building at 110 East Spring Street in Winooski, Vermont into a five-unit residential apartment building (the Project). The City of Winooski Development Review Board (DRB) approved the permit on January 14, 2016. The Chittenden Housing Corporation appealed the DRB's approval to this Court on February 1, 2016.

The Project entails interior and exterior renovations to the existing structure; adding eight parking spaces to Applicants' property; and construction of an elevated access road running from Applicants' property to East Spring Street. The proposed access road would run across the northwest corner of Appellant's property, over a right-of-way that Appellant's predecessor in title granted Applicant's predecessor in title in the late 1960s. At its closest point, the proposed road would run within 15 feet of Appellant's building.

Following the DRB decision, the City of Winooski amended its land use regulations that are applicable to the Applicants' property and proposed Project. Additionally, the Applicants' expect other, relevant amendments may be forthcoming. Because they do not wish to proceed with the Project as approved under the pre-existing zoning regulations, they seek to voluntarily withdraw their application. With no objection from the Appellant, the motion to withdraw the application is **GRANTED** without prejudice. By withdrawing the application in this Court, the Applicants are effectively withdrawing it from the municipal level as well. We therefore **VOID** the DRB's approval. Going forward, to seek any necessary zoning approvals for its Project, the Applicant must start the process anew with the appropriate municipal authority.

The remaining issue is the Appellant's request for the Court to award its costs as the "prevailing party." The Court considers the Appellant's request pursuant to V.R.C.P. 54(d)(1) and (2), which allows parties to seek both costs and attorneys' fees from the opposing party following a judgment.

Like the majority of jurisdictions, Vermont follows the "American Rule" with regard to attorney's fees. Gramatan Home Investors Corp. v. Starling, 143 Vt. 527, 535 (1983). Each party bears his or her own costs of litigation. Id. "Attorney's fees under our practice are not awarded absent special legal [i.e., statutory] authority or as a matter of contract." Myers v. Ambassador Ins. Co., Inc., 146 Vt. 552, 558 (1986) (citations omitted). Additionally, courts have limited authority to award attorney's fees in truly exceptional circumstances. See Appeal of Gadhue, 149 Vt. 322, 327–30 (1987) (awarding attorney's fees to cover a lawsuit that plaintiff had to file in order to obtain the relief to which a prior lawsuit entitled her); Vt. Women's Health Ctr. v. Operation Rescue, 159 Vt. 141, 150–51 (1992) (upholding a trial court's grant of attorney's fees in a contempt action against parties who evaded service of a temporary restraining order that restricted their conduct while protesting outside a women's health clinic and who knowingly violated the order). Absent exceptional circumstances, the American Rule regarding attorney's fees applies, and in such cases, each party is required to pay its own attorney's fees. See Galkin v. Town of Chester, 168 Vt. 82, 91 (1998).

The Appellant styles itself as the prevailing party because the Court found the Appellant demonstrated a strong likelihood of success on the merits and granted a stay of construction of the Project on the elements that pose the greatest threat of irreparable harm to Appellant's elderly tenants: the curb cut, removal of the fence, and elevated access road. 110 East Spring Street CU, No. 11-2-16 Vtec, slip op. at 7–8 (Vt. Super. Ct. Envtl. Div. April 22, 2016) (Walsh, J.). The order did not prevent the Applicant from proceeding with construction of the parking area and any alternations to the building itself while the appeal was pending. Id. at 8. The order further invited the Applicants to request relief from the stay if necessary to complete construction of the parking area. Id.

The Appellant argues the stay order, along with the Applicants' decision to withdraw its application, altered the "legal relationship of the parties" sufficient to permit the award of attorney's fees. Montgomery v. 232511 Investments, Ltd., 2012 VT 31, ¶ 11, 191 Vt. 624 (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001)). We disagree. Here, the parties' actions before the Court have been appropriate and do not rise to the level of exceptional circumstances warranting the award of attorney's fees. Furthermore, while the Appellant may have won round one, the litigation is in its early stages. It is far too early to claim a prevailing side. We find no precedence to support awarding attorney's fees at this point, where there is no final judgment or settlement agreement, and in which we can find no statutory provision or agreement of the parties authorizing the award of attorney's fees.

Additionally, we find no reason to award costs other than attorney's fees to the Appellant. Under V.R.C.P. 54(d)(1), a trial court has discretion to award costs to the prevailing party in a civil action. See, e.g., Jordan v. Nissan N. Am., Inc., 2004 VT 27, ¶16, 176 Vt. 465 (citing Peterson v. Chichester, 157 Vt. 548, 553 (1991)). First, as stated earlier, we do not deem the Appellant to be the prevailing party in this case. Second, the Court cannot award even limited costs to a prevailing party unless the prevailing party demonstrates that they were necessary. See In re Jackson Subdivision ROW Access, No. 195-9-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. Jan. 20, 2009) (Durkin, J.). The Appellant in this case has neither provided its costs nor their justification.

The Appellant's request for an award of costs—including attorney's fees—is **DENIED**.

Because the application at the center of this dispute has been withdrawn, this case is now moot, and is hereby dismissed without prejudice. This concludes this matter.

So ordered.

Electronically signed on November 28, 2016 at 11:15 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Franklin L. Kochman (ERN 1682), Attorney for Appellant Chittenden Housing Corporation
John L. Franco (ERN 5781), Attorney for Appellee John Wilson
John L. Franco (ERN 5781), Attorney for Appellee Mary Wilson
Robert S. DiPalma (ERN 3619), Attorney for Interested Person City of Winooski
John L. Franco (ERN 5781), Attorney for Appellee Steven Polli