Vermont Superior Court
Filed 03/13/25

SUPERIOR COURT                                                    CIVIL DIVISION

Washington Unit                                                  Case No. 22-CV-00882

65 State Street

Montpelier VT  05602

802-828-2091

www.vermontjudiciary.org



> Benjamin Clark v.  Amica Mutual Insurance Company

## Opinion and Order on Plaintiff's Motion for Costs and Prejudgment Interest

The matter before the Court is Plaintiff's motion for costs and prejudgment interest, pursuant to Vt. R. Civ. P. 54.  The parties have briefed the legal issues raised by this motion.  After considering the record and the arguments made in the parties' memoranda, the Court makes the following determinations.

## Factual Background

This case stems from a traffic collision involving Plaintiff and a third party. Plaintiff recovered $25,000 from the third party and then brought this action against his insurer seeking underinsured motorist coverage for what he believed were additional damages he was owed due to the harm caused by the collision. Plaintiff's complaint sought various damages, including lost income; pain and suffering; and past, present and future medical bills.

The parties tried the matter before a jury in January 2025.  Each side presented expert medical testimony in support of their views.  The Plaintiff suggested at trial that a damage award of $300,000, might be appropriate.  The jury returned a verdict of $75,000.

1

In his post-judgment motion, Plaintiff sought recovery of litigation costs in the amount of $1,515.88. Defendant did not object to such an award.

In the same motion, Plaintiff requested an award of prejudgment interest. Defendant opposed that relief.

## Analysis

Vt. R. Civ. P. 54 states: "Costs other than attorneys' fees shall be allowed as of course to the prevailing party, as provided by statute and by these rules, unless the court otherwise specifically directs." *See Peterson v. Chichester*, 157 Vt. 548, 553 (1991) ("The trial court has discretion in awarding costs.").

Here, Plaintiff's request for $1,515.88 is unopposed, and the Court awards Plaintiff those costs.

Rue 54 also permits an award of prejudgment interest. Pursuant to Rule 54, prejudgment interest may be "awarded as damages for detention of money due for breach or default." Vt. R. Civ. P. 54 Reporter's Notes, 1981 Amendment. The "general rule is that "[p]rejudgment interest is awarded as of right when damages are liquidated or reasonably certain." *EBWS, LLC v. Britly Corp.,* 2007 VT 37, ¶ 36, 181 Vt. 513, 928 A.2d 497. Even when the amount of damages is uncertain, a court may award prejudgment interest in its discretion. *Id.*" *Birchwood Land Co. v. Ormond Bushey & Sons, Inc.*, 2013 VT 60, ¶ 23, 194 Vt. 478, 490; *see Estate of Fleming v. Nicholson*, 168 Vt. 495, 503–03 (1998) (noting same).

In *d'Arc Turcotte v. Est. of LaRose*, 153 Vt. 196, 199 (1989), the Court first announced the rule that interest was mandatory in cases where damages are

2

liquidated or readily ascertainable. The decision also noted, however, that the rule it established did "not encompass certain damage elements of personal injury actions (for example, pain and suffering and permanent impairment), where damages are inchoate and rarely ascertainable at the time of injury." *Id.* at 200 n.2. Any prejudgment interest awarded in such cases is solely a matter of discretion. *Id.* at 199–200; *see Restatement (Second) of Torts* § 913(1); *see also Est. of Fleming,* 168 Vt. at 502 (noting that Vermont has adopted Section 913).

Certainly, the damages awarded by the jury in this case were not liquidated or readily ascertainable until it issued its verdict. The claims submitted to the jury focused only on requests for inchoate damages relating to pain and suffering, physical impairment, mental anguish, loss of ability to engage in recreational activities, and loss of enjoyment of life. No ledger could account for such losses.

While the liquidated/non-liquidated issue is not controlling, it does reflect the important concept that prejudgment interest is warranted, at least in part, because a defendant could have avoided damages and interest by paying the damages that were due upfront and upon Plaintiff's demand. *See Ring v. Carriage House Condo. Owners' Ass'n*, 2014 VT 127, ¶ 34, 198 Vt. 109, 125; *see also Newport Sand & Gravel Co. v. Miller Concrete Constr., Inc.*, 159 Vt. 66, 71 (1992) ("[p]rejudgment interest may be awarded as damages for detention of money due"). Where the damages are not capable of being ascertained with specificity by either side, however, that is simply not possible. *Winey v. William E. Dailey, Inc.*, 161 Vt. 129, 141–42 (1993).

Indeed, the Plaintiff's claims for relief in this action morphed from those originally presented in the complaint and issues as to the scope of damages that were caused by the collision were hotly contested by the defense. At trial, Plaintiff argued for a significantly higher damages sum than was awarded. His complaint had made claims for future medical expenses, which were abandoned just prior to trial. His claims for past medical expenses were dismissed at trial. Similarly, Plaintiff did not press his claim for lost income at trial. The experts from each side presented vastly different views as to whether Plaintiff's symptoms could be connected to the collision or were the result of other conditions. In short: the types, amounts, and scope of damages were not finally determined until trial.

Further complicating the claim for prejudgment interest in this case is its calculation. While Plaintiff appears to posit that the Court may use the date of the filing of the complaint as a benchmark and apply an investment rate of return, such a suggestion is not consistent with the evidence at trial. The evidence at trial and Plaintiff's arguments both addressed damages from the date of the collision all the way through the date of trial. The Court sees no basis or mechanism for allocating the jury's award between what may have been due when the complaint was filed and the date of the jury's verdict. Our High Court has noted that prejudgment interest is intended "to fully and accurately compensate the plaintiff where the plaintiff has been deprived of a *definite sum* of money for a *definite period of time*." *Est. of Fleming*, 168 Vt. at 501 n.2 (emphasis added). The Court can locate no concrete amount or concrete period of time with which it could calculate

4

prejudgment interest in this matter.  *See Stratton Corp. v. Engelberth Const., Inc.*, No. 2720605, 2013 WL 3722306, at *5 (Vt. Super. Ct. June 13, 2013) (relying, in part, on such difficulties in denying claim for interest).

Plaintiff's contention that this action sounds in contract, as opposed to tort, does not advance his argument.  Where, as here, the damages are not liquidated, the discretionary nature of prejudgment interest applies even in contract cases. *Winey*, 161 Vt. at 141–42 (prejudgment interest rule is "applicable in either tort or contract actions").

The Court concludes that the above factors and the uncertainties they inject into the damages issue weigh decidedly in favor of denying the motion for prejudgment interest in this case.  *See EBWS, LLC.*, 2007 VT 37, ¶ 37, 181 Vt. at 527 (affirming denial of prejudgment interest where damages were uncertain and contested by expert testimony at trial); *Winey*, 161 Vt. at 141–42 (similar); *Stratton Corp.*, 2013 WL 3722306, at *4 (similar).

WHEREFORE, the Motion for Costs and Prejudgment Interest is granted as to costs and denied as to interest.  A Final Judgment shall issue.

Electronically signed on March 11, 2025, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge

5