JOHN E. HALE v. WILLIAM MERRILL AND HENRY SPENCER.

*Costs.*

Upon a judgment in favor of two or more defendants, in an action of tort, they will be allowed, in the taxation of their costs, separate travels and term fees, but only one attorney fee for the same trial.

If they testify, they cannot tax their travel and attendance as witnesses for each other. A party who testifies can tax no fees as a witness.

TRESPASS. The defendants jointly plead not guilty; and at the March Term, 1854, the cause was tried, upon said issue, by jury. The plaintiff's evidence upon the trial tended to prove a joint trespass against both defendants. The same counsel appeared for both defendants, and both defendants testified in the case, and their evidence tended to disprove the commission of the trespass by both or either of them. The jury returned a verdict for both defendants. The plaintiff entered a review, and at the September Term, 1854, became non suit.

The defendants claimed to be allowed separate term fees and travel and attorney fees, and also for their travel and attendance as witnesses for each other.

The county court,—POLAND, J., presiding,—allowed separate term fees and travel, but refused to allow separate attorney fees; and also refused to allow the defendants to tax their travel and attendance as witnesses for themselves or for each other, and decided that by law they were not entitled to the same. To this decision, disallowing separate attorney fees, and their travel and attendance as witnesses, the defendants excepted.

*Vail* and *Peck & Colby* for the defendants.

*Heaton & Reed* for the plaintiff.

The opinion of the court was delivered by

BENNETT, J. We think there was no error in the taxation of costs. In actions of tort against two or more, it has always been the practical construction of the statute to allow separate term fees and travel; and this upon the ground, that each defendant may be regarded as defending for himself only, and, as all torts in their

nature are joint and several, may, in one sense, be regarded as a party.

The statute gives on the trial of *each issue* an attorney fee, and where all the defendants unite in a plea of not guilty, it is regarded as the trial of but a single issue; and I apprehend it should make no difference in this respect, whether the defendants in form plead not guilty, severally or jointly. The result on trial would be the same, whichever form was adopted, and but one issue in substance in either case, would have been tried.

The party who testifies as a witness, under our recent statute, should not tax fees as a witness. He still retains the character of a party, and, as such, has fees allowed him, and with them he should be content.

It has never been the practice to allow a party who, in a book action, is called to testify, the fees of a witness; and the act of 1848, which gives the recovering party, in an action on book, fees for his attendance and travel before an auditor as a party, gives him no fees as a witness.

Judgment of the county court is affirmed.