STATE OF VERMONT

SUPERIOR COURT                                  ENVIRONMENTAL DIVISION

|   |   |   |
|---|---|---|
| | } | |
| In re Barry (Clyde's Place LLC) Notice of Violation | } | Docket No. 142-7-07 Vtec |
| | } | |

## Entry Order for Costs

In the above-captioned appeal, the sole Appellant was Clyde's Place LLC, a small family limited liability company.[1] After a decision by the Vermont Supreme Court in this appeal, In re Barry (Clyde's Place LLC) NOV and in In re Clyde's Place LLC Application, 2011 VT 7, judgment was entered in favor of Appellant as follows, concluding both appeals:

> In Docket No. 142-7-07 Vtec, the Notice of Violation is hereby vacated and declared null and void. It is anticipated that the Town will issue a certificate of compliance; any such certificate may refer to the "maint[enance of] the preexisting nonconforming status of the new structure" as it was characterized by the Vermont Supreme Court.

> In Docket No. 9-1-08 Vtec, Applicant's application for a new permit or a variance for the as-built structure has been withdrawn as unnecessary; the appeal involving that application is therefore dismissed as moot.

In addition, the related enforcement case Town of Orwell v. Clyde's Place LLC and Patrick Barry, No. 17-1-08 Vtec, had been filed in January 2008, but was placed on inactive status until the Notice of Violation appeal and the as-built permit application would be decided,

---

[1] Clyde's Place LLC was formed to own and manage the property at issue in this appeal. The six members of Clyde's Place LLC are Patrick E. Barry and his wife Kathleen Barry; their son Patrick J. Barry and their daughter Margaret Toth, and their son's and daughter's spouses. To avoid confusion, the merits decision referred to Patrick E. Barry also as Patrick Barry (Sr.) and to Patrick J. Barry also as Patrick Barry (Jr.). Patrick E. Barry and his three siblings conveyed the property to Clyde's Place LLC in November 2006; the deed was recorded in March 2007.

except that all three matters proceeded to mediation together in mid-2008. The enforcement case was concluded by a stipulation of dismissal, "each party to bear its own costs and attorney's fees."

Appellant has moved for costs only in the Notice of Violation appeal, Docket No. 142-7-07 Vtec. See 32 V.S.A. § 1551 (allowing witness' fees for each day of attendance at court and for in-state travel). Appellant seeks the following amounts, totaling $2,322.27.

| Date | Purpose | Amount |
|---|---|---|
| 2007 | Court Filing Fee | 225.00 |
| 2008 | half of mediator's fee | 411.25 |
| March 2009 (depositions) | Payne deposition witness fee | 30.00 |
| | Payne deposition mileage | 7.70 |
| | Payne & Simmons deposition cost | 632.65 |
| | Barry (both Jr. & Sr.) deposition cost | 318.00 |
| March 2009 (trial) | Payne subpoena | 64.72 |
| | Payne trial witness fee | 30.00 |
| | Payne trial mileage | 7.70 |
| | Margaret Toth trial mileage | 37.40 |
| | Patrick J. Barry trial mileage | 37.40 |
| April 2009 | half of trial transcript fee | 520.45 |

The Town agrees that Appellant is entitled to reimbursement of its filing fee of $225 for the Notice of Violation appeal, but argues that each of the other allowed costs should be reduced by two-thirds, arguing that the costs were incurred in all three cases. The Town also argues that the mileage fees for two principals of Appellant LLC who testified at trial, Margaret Toth and Patrick J. Barry, should be disallowed in their entirety.

Under V.R.C.P. 54(d)(1), costs are allowed to the prevailing party unless the court "otherwise specifically directs." Awarding costs to the prevailing party in a civil action

such as this one is a discretionary matter for the trial court. See, e.g., Jordan v. Nissan North America, Inc., 2004 VT 27, ¶16, 176 Vt. 465 (citing Peterson v. Chichester, 157 Vt. 548, 553 (1991)). In litigation of related cases in which a litigant prevails in some but not all of the cases, costs must be allocated equitably to the prevailing party. See In re: Tenney Notices of Violation, Nos. 169-9-03 Vtec, 186-9-07 Vtec, 70-4-08 Vtec, 226-12-03 Vtec, 261-11-07 Vtec, Decision and Order at 11–13 (Vt. Envtl. Ct. Aug. 14, 2009) (Wright, J.) (assessing a penalty to reimburse town for its cost of enforcement solely in the two of the five cases before the Court in which it prevailed); Decision and Order on Motion to Reconsider and/or Alter or Amend at 7–9 (Vt. Envtl. Ct. Dec. 23, 2009) (Wright, J.) (granting town an additional amount in costs that were attributable to the cases in which it prevailed, while reaffirming its denial of costs attributable to the cases in which it did not prevail).

All three cases were the subject of the mediation, before the enforcement case was put on hold. The enforcement case was settled with an order for each party to pay its own costs, so the one-third of Appellant's share of the mediation fee attributable to the enforcement case is not taxable as a cost. Nor is the one-third of Appellant's share of the mediation fee attributable to the permit case taxable as a cost in this Notice of Violation appeal. As of the time of the mediation, the grant or denial of an as-built permit and the issuance or withdrawal of the Notice of Violation were equal and alternative subjects of the mediation. Therefore, only one third of Appellant's share of the mediation fee—the one-third attributable to the above-captioned Notice of Violation appeal—is taxable as a cost in this case.

After mediation, the enforcement case was placed on hold, and all subsequent expenses for trial preparation and trial were incurred in the Notice of Violation appeal and in the as-built permit application case, which were consolidated for the purposes of trial.

All the expenses incurred for Mr. Payne, one of the two zoning administrators who testified, are attributable solely to the Notice of Violation case, as his involvement had

3

ceased before the project was actually constructed. Roland Simmons was the other zoning administrator who testified; he issued the Notice of Violation.

To determine if the costs attributable to the Simmons, Patrick J. Barry, and Patrick E. Barry depositions, and to the trial transcript, should be allocated between the Notice of Violation case and the as-built permit application case, it is necessary to examine whether any of the evidence at trial pertained only to the as-built permit application case. See, e.g., Tenney Notices of Violation, Nos. 169-9-03 Vtec, 186-9-07 Vtec, 70-4-08 Vtec, 226-12-03 Vtec, 261-11-07 Vtec, Decision and Order on Motion to Reconsider and/or Alter or Amend at 7 (Vt. Envtl. Ct. Dec. 23, 2009) (Wright, J.) (penalties calculated to reimburse town for only the costs incurred in cases in which it prevailed). As is evident from both this Court's decision on the merits after trial, and from the Supreme Court's decision, the evidence focused on the history of the transactions between Appellant's representatives and the Town's representatives, plus the design features of the project itself, all of which were necessary for the Notice of Violation case. The Court was able to resolve the as-built permit application case, including whether the project qualified for a variance, in just a few sentences, based on the evidence that had already been presented regarding the Notice of Violation case. Therefore, in the present case it is not appropriate to allocate the costs attributable to the Simmons, Patrick J. Barry, and Patrick E. Barry depositions, and to the trial transcript, between the two cases. All of those costs were incurred in the Notice of Violation case and would have been required regardless of whether the as-built application case had or had not been consolidated with it.

Appellant also claimed in-state trial mileage for Margaret Toth and Patrick J. Barry, two of the six members of Clyde's Place LLC, amounting to 68 miles for each of them, at 55 cents a mile. Appellant is not entitled to claim this amount as costs.

It is well established in Vermont and in other states that an individual party in interest cannot recover witness fees and travel expenses in connection with that person's

testimony as a witness at trial. Hale v. Merrill, 27 Vt. 738 (1855); see also, e.g., Swallows v. Laney, 102 N.M. 81, 86, 691 P.2d 874, 879 (N.M. 1984) (internal citations omitted) (successful party may not be awarded witness fees and mileage expenses for appearing as a witness in his or her own case).

When the party is a limited liability company, corporation or similar entity, the Court must analyze whether a member, principal, or officer who testified was functioning simply as a witness for the entity or is more closely identified with the entity and personally affected by the outcome of the litigation. Ordinarily, witness fees and mileage incurred by directors, officers, or employees of a corporate entity may be awarded as costs where the individuals have no personal interest in the outcome of the litigation. A.J. Tenwood Associates v. Orange Senior Citizens Housing Co., 200 N.J. Super. 515, 531–32, 491 A.2d 1280, 1288–89 (N.J. Super. Ct. App. Div. 1985) (internal citations omitted), cert. denied, 101 N.J. 325, 501 A.2d 976 (1985); see also Foothill-De Anza Community College Dist. v. Emerich, 158 Cal. App.4th 11, 30, 69 Cal. Rptr.3d 678, 690 (Cal. Ct. App. 2007) (no authority to deny fees to individual employees of entity "not shown to have any private interest in the litigation" (citing Trussell v. City of San Diego, 172 Cal. App.2d 593, 617, 343 P.2d 65, 80 (1959)); Treasure Valley Plumbing and Heating, Inc. v. Earth Resources Co., 115 Idaho 373, 379, 766 P.2d 1254, 1260 (Idaho Ct. App. 1988) (noting that president and accountant of prevailing corporate party were not themselves parties, warranting award of costs for their attendance at trial).

On the other hand, if the individual members of an entity do have a private interest in the litigation, as is the case with all six members of Clyde's Place LLC, they are treated as parties in interest to the litigation and are not entitled to mileage or witness fees. See A.J. Tenwood Associates, 200 N.J. Super. at 532–34, 491 A.2d at 1289–90. Thus, Appellant is not entitled to reimbursement for the mileage costs incurred by Margaret Toth and Patrick J. Barry, as well as by Patrick E. Barry (for whom mileage was not claimed).

5

Accordingly, based on the foregoing, costs are hereby awarded to Appellant in the total amount of $1,973.30, calculated as follows:

| Date | Purpose | Amount |
|---|---|---|
| 2007 | Court Filing Fee | 225.00 |
| 2008 | 1/3 of Appellant's half of mediator's fee | 137.08 |
| March 2009 | Payne deposition witness fee | 30.00 |
| | Payne deposition mileage | 7.70 |
| | Payne & Simmons deposition cost | 632.65 |
| | Payne subpoena | 64.72 |
| | Barry (both Jr. & Sr.) deposition cost | 318.00 |
| | Payne trial witness fee | 30.00 |
| | Payne trial mileage | 7.70 |
| April 2009 | Appellant's half of trial transcript fee | 520.45 |

Done at Berlin, Vermont, this 23rd day of May, 2011.

_____
Merideth Wright
Environmental Judge